**HARRISON et. al. v. UNITED STATES.**
No. 13076.

United States Court of Appeals
Fifth Circuit.

Oct. 30, 1950.

Jas. W. Arnold, Abit Nix, Athens, Ga., for appellants.

James H. Fort, Asst. U. S. Atty., John P. Cowart, U. S. Atty., Macon, Ga., for appellee.

Before HUTCHESON, Chief Judge, and HOLMES and RUSSELL, Circuit Judges.

HOLMES, Circuit Judge.

The indictment in this case was returned on the 5th of December, 1949. It charged the appellants with a continuous conspiracy to violate the internal revenue laws of the United States. It alleged that the conspiracy began on or about the 1st day of January, 1940, and continued in force to the date of the return of the indictment. It charged that the appellants feloniously conspired and agreed with each other and divers other named persons not charged as defendants, as well as with divers persons unknown to the grand jury, to have in their possession stills and distilling apparatus for the production of spirituous liquors, set up without having the same registered as required by law; and unlawfully to carry on the business of distillers of spirituous liquors without having given bond as required by law, and with intent to defraud the United States of the tax thereon; and to work in such distilleries upon which no sign bearing the words "Registered Distillery" was placed and kept as required by law; and to possess, transport, and sell distilled spirits, towit whiskey, the immediate containers whereof should not have thereon the required revenue stamps; and to remove said distilled spirits, upon which the tax had not been paid, to a place or places other than a distillery warehouse as provided by law. Nine overt acts were alleged in the indictment, running from Oct. 31, 1943, to Oct. 31, 1945.

The evidence was sufficient to warrant the jury in finding that, during the period named, one of the appellants, Joe Loy Harrison, was the head of a continuous liquor conspiracy, within the Athens division of the middle district of Georgia, and that the other two appellants were working for him in carrying on the illicit enterprise. Ten other persons were named in the indictment but were not charged as defendants. All of the stills were alike and were built of similar material. Three were found on the Harrison farm. One of the conspirators testified that he had helped Harrison operate the stills and handle the whiskey. There was also much other circumstantial evidence pointing to the guilt of the defendant and sufficient to exclude every reasonable hypothesis of their innocence. We find no reversible error in the record, and think the judgment appealed from should be affirmed upon the authority of Bryant v. United States, 5 Cir., 120 F.2d 483.

Affirmed.