**HARRISON et al. v. UNITED STATES.**

No. 13704.

United States Court of Appeals Fifth Circuit.

Oct. 25, 1951.

Jas. W. Arnold, Abit Nix, Athens, Ga., for appellant.

James H. Fort, Asst. U. S. Atty., John P. Cowart, U. S. Atty., Macon, Ga., for appellee.

Before SIBLEY, RUSSELL, and RIVES, Circuit Judges.

RIVES, Circuit Judge.

Appellants were indicted in August 1947, for conspiracy to violate the Internal Revenue laws prohibiting the distillation, transportation and sale of nontax paid whiskey.[1] The overt acts charged were alleged to have occurred in 1943, 1944 and 1945. The appellants were tried before a jury in December 1949, and found guilty. They appealed and this court affirmed their conviction on October 30, 1950.[2] Thereafter, without first obtaining leave of this court, appellants filed with the district court a motion for new trial under Rule 33, Federal Rules of Criminal Procedure, 18 U.S.C.A. based upon alleged newly discovered evidence. On account of illness of appellants' counsel the district court postponed the hearing of the motion until May 15, 1951. On that date, after hearing arguments the court overruled the motion and this appeal ensued.

At the outset we are confronted with the question of whether after the conviction of appellants and the affirmance of their conviction by this court the district court had jurisdiction to consider and decide the motion for new trial on the ground of the alleged newly discovered evidence without leave being first obtained from this court. Previous to the adoption of the Criminal Appeals Rules of 1933 and of the present Federal Rules of Criminal Procedure, that question clearly must have been answered in the negative.[3]

The Federal Rules of Criminal Procedure apply to all criminal proceedings as well in this court as in the district court.[4] Rule 33 of Federal Rules of Criminal Procedure was preceded by Rule II(3) of the Criminal Appeals Rules.[5] The policy of the rules was to confine the power of the trial judge to grant a new trial within definite time periods.[6] Under Rule 33, the motion on the ground of newly discovered evidence may be made within two years "after final

1. 18 U.S.C.A. § 371 In connection with I. R. C., Sections 2810, 2833, 2831, 2803(a), (g), 2913 and 3321, 26 U.S.C.A. §§ 2810, 2833, 2831, 2803(a, g), 2913, 3321.

2. Harrison et al. v. United States, 184 F. 2d 832.

3. In re Potts, Petitioner, 166 U.S. 263, 267, 17 S.Ct. 520, 41 L.Ed. 994; Martin v. U. S., 5 Cir., 17 F.2d 973, 976; Perry et al. v. U. S., 5 Cir., 39 F.2d 52, 55; Young v. U. S., 5 Cir., 138 F.2d 838, 839;

Flowers v. U. S., 8 Cir., 86 F.2d 79, 80; 3 Amer.Jur. p. 735, App. & Error Sec. 1239; 39 Am.Jur. Pocket Suppl., New Trial Sec. 4.1; Annotation 139 A.L.R. 364.

4. See 18 U.S.C.A. §§ 3771, 3772, and Fed. Rules Crim.Proc. rules 1 and 54.

5. Copied in 292 U.S. 662.

6. United States v. Smith, 331 U.S. 469, 473, Note 2, 67 S.Ct. 1330, 91 L.Ed. 1610.

judgment"; on any other grounds the motion must be made within 5 days "after verdict or finding of guilty". The quoted terms were used also in the earlier rule. We think the distinction between the two quoted phrases is significant and that "final judgment" includes in the present case the mandate of affirmance from this court.[7] That construction comports with the simplicity in procedure enjoined by Rule 2 and allows the proceeding to be initiated in the district court as it may be in cases where an appeal is pending.[8] This court has treated an order denying a motion for new trial on the ground of newly discovered evidence though made after the affirmance of the judgment on appeal and denial of certiorari by the Supreme Court as being permitted and allowed by Rule 33.[9] We shall follow that precedent and hold that the district court had jurisdiction to consider and decide the motion.

■■ It seems now to be settled that the order overruling the motion for new trial is a final order from which an appeal will lie.[10] However, the court cannot substitute its judgment on the facts for that of the trial judge; it has no power to try the facts de novo; it can review the record for errors of law only, to determine, among other things, whether the trial judge has abused his discretion.[11]

Woodie Hill was the main prosecuting witness for the government at appellants' trial. That witness now recants his previous testimony and in substance swears that the evidence he gave against them was untrue and that appellants never had any interest in or connection with his activities in the manufacture of illicit whiskey. His testimony on the original trial had gone into details of the operation of the various stills. He had then admitted that he had been before the Grand Jury twice and had at first refused to give evidence against the appellants and he swore that that was because of his fear of the appellant Harrison. His affidavit now states that he has never been afraid of Harrison. The circumstances of how that affidavit was obtained, admittedly without solicitation of appellants' counsel, and only a few hours before the argument of the motion on May 15, 1951, are clouded in mystery.

■ The trial judge, from his knowledge of the original trial, from having heard the witnesses testify and observed their demeanor on the stand, was better qualified than is this court to pass on the affidavits.[12] We do not find that the trial judge abused his discretion in overruling the motion for new trial.[13] The judgment is therefore

Affirmed.

7. See Oddo v. United States, 2 Cir., 171 F. 2d 854, 858; Carroll Electric Co. v. Snelling, 1 Cir., 62 F.2d 413, 415.

8. Zamloch v. United States, 9 Cir., 187 F. 2d 854.

9. Fogel v. United States, 5 Cir., 167 F.2d 763.

10. U. S. v. Johnson, 327 U.S. 106, 111, 66 S.Ct. 464, 90 L.Ed. 562; U. S. v. Johnson, 7 Cir., 142 F.2d 588, 590; Fewox v. United States, 5 Cir., 77 F.2d 699, 700; cf. contra Buder v. Fiske, 8 Cir., 174 F. 2d 260, 265; Di Carlo v. United States, 2 Cir., 6 F.2d 364, 369.

11. U. S. v. Johnson, 327 U.S. 106, 109, 113, 66 S.Ct. 464, 90 L.Ed. 562; U. S. v. Johnson, 7 Cir., 142 F.2d 588.

12. U. S. v. Johnson, 327 U.S. 106, 109, 113, 66 S.Ct. 464, 90 L.Ed. 562; U. S. v. Johnson, 7 Cir., 142 F.2d 588.

13. As to the exercise of that discretion where a material witness admits having testified falsely, see Martin v. United States, 5 Cir., 17 F.2d 973; Larrison v. United States, 7 Cir., 24 F.2d 82; U. S. v. Johnson, 327 U.S. 106, 66 S.Ct. 464, 90 L.Ed. 562; U. S. v. Johnson, 7 Cir., 142 F.2d 588.