Ronnie J. **EVERITT**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 21865.

United States Court of Appeals
Fifth Circuit.

Dec. 8, 1965.

Brooks Taylor, Crestview, Fla., for appellant.

Clinton Ashmore, U. S. Atty., C. W. Eggart, Jr., Asst. U. S. Atty., Tallahassee, Fla., for appellee.

Before TUTTLE, Chief Judge, and JONES and THORNBERRY, Circuit Judges.

TUTTLE, Chief Judge.

This is an appeal from a denial by the trial court of relief under Section 2255, in which appellant sought to have his judgment of conviction vacated on the ground of newly discovered evidence. The trial court, although stating that it is a matter that should have been proceeded for under Rule 33 of the Federal Rules of Criminal Procedure, on a motion for new trial for newly discovered evidence, nevertheless considered it on the pending motion under Section 2255. Nevertheless, and we think properly, the trial court applied the standards that are generally applicable to the granting or denying of a motion for new trial.

The newly discovered evidence is evidence that convinced the trial court in this proceeding that, contrary to his testimony at the time of trial that he had been offered no inducement to testify against his co-conspirator, by reason of having been omitted from the indictment for a crime as to which he testified he was a participant and from the general conduct thereafter as a result of which he was never indicted nor charged, the witness did in fact have "dangled before him an inducement of a probable reward of either not being indicted or probation." The court also found "that such inducement was for the purpose of secur-

ing his testimony before the grand jury and at Everitt's trial and was dangled before Domaingue both prior to his appearance before the grand jury and prior to trial. Thus he had much more personal interest in testifying before the grand jury and at Everitt's trial than his responses at the trial, as above quoted, would indicate."

In a companion case the trial court set aside a verdict of conviction based upon a jury trial, but in the instant case the trial court declined to grant similar relief. In the companion case the trial court said, "Had the jury been fully informed as to Domaingue's interest in testifying, it cannot now be said with certainty that the verdict would have been the same, citing Hawkins v. United States, 5 Cir., 324 F.2d 873." However, as to the instant case tried before a district judge without a jury, the court noted that the basic facts had been testified to by the witness—that is that he had been neither indicted nor charged by the government, although he made it clear in his testimony that he had been an active participant with Everitt in the commission of the crimes. The trial court in this case, therefore, concluded, "Considering the record in this case as a whole I am of the opinion the trial judge, as the trier of fact, would have been sufficiently aware of Domaingue's personal interest in testifying for the government so as to take that into consideration in the making of his oral findings of fact, which fully supported his conclusion of defendant's guilt of counts one and two of the indictment."

We think there is no inconsistency in the court's concluding that the failure to disclose in a *jury* trial the true facts concerning the inducement of Domaingue to testify might well lead to a different result, and the court's conclusion that an experienced trial judge, knowing the basic facts that a co-conspirator had been treated as a witness rather than as a defendant by the grand jury and by the United States Attorney, "would have been sufficiently aware of Domaingue's personal interest in testifying for the

government so as to take that into consideration in the making of his" judgment of conviction.

This case differs in two respects from Hawkins v. United States, 5 Cir., 324 F.2d 873. In the Hawkins case, which arose out of the same fraudulent automobile accident claims as the present one, the basic facts touching upon the favored treatment accorded the recanting witness was not submitted to the jury for its consideration. Thus, the jury had no basis on which it could have discounted the witness' affirmative statement that no inducements of any kind had been held out to him. To the contrary here the basic facts were testified to on trial. The court had before it the knowledge that the witness Domaingue had been immune from prosecution. This same distinguishing characteristic differentiates this case from Napue v. People of State of Illinois, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959).

■ The second distinguishing characteristic is that here the trial was had by a trial judge without a jury. We think it not at all unreasonable and certainly not clearly erroneous for the district court, on the hearing of the 2255 motion, to find that the district judge on the trial had ample facts before him to enable him to appraise the weight to be given to the testimony of the witness-accomplice.

■ Moreover, it must be borne in mind that the grounds for new trial here did not include any attack upon the falsity of the witness' testimony as to the facts of the fake damage claim. The new evidence bore solely on the question of the credibility of the witness. Appellate courts are particularly cautious about reversing denials of motions for new trial on the ground of newly discovered evidence where such evidence relates solely to matters of credibility of witnesses against the accused. Tomley v. United States, (5 Cir.) 260 F.2d 468; Shotwell Mfg. Co. v. United States, 371 U.S. 341, 83 S.Ct. 448, 9 L.Ed.2d 357.

**534**

Reviewing the action of the trial court here as the denial of a motion for new trial based on newly discovered evidence, we cannot conclude that the trial court applied an erroneous principle of law or that its findings of fact were clearly erroneous. See Newman v. United States, (5 Cir.) 238 F.2d 861.

The judgment is affirmed.