Anthony GRANZA and Vincent Ferrara, Appellants,

v.

UNITED STATES of America, Appellee.

No. 22064.

United States Court of Appeals Fifth Circuit.

July 27, 1967.

Certiorari Denied Nov. 6, 1967.

See 88 S.Ct. 291.

Clyde W. Woody, Houston, Tex., for appellants.

James R. Gough, William B. Butler, Asst. U. S. Attys., Houston, Tex., for appellee.

On Petition for Rehearing

Before HUTCHESON, WISDOM and COLEMAN, Circuit Judges.

PER CURIAM:

The appellants Granza and Ferrara have filed a petition for rehearing, urging several grounds therefor. The first contention is that they terminated their participation in the conspiracy prior to the Houston shipment of heroin. They rely on testimony by the coconspirator Abramson to the effect that appellants had told him prior to the transaction in Houston that they would like to quit the conspiracy. We cannot accept this expression of desire to be finished with the conspiracy as an actual termination.

The contention that the appellants' handwriting exemplars were protected by the Fifth Amendment privilege against self-incrimination has been decided to the contrary by the Supreme Court. Gilbert v. State of California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967).

The appellants next complain of Abramson's testimony that he could not identify a man to whom he transferred a shipment of heroin in San Antonio, Texas. After the trial of appellants, Abramson testified in United States v. Stassi, Criminal No. 63–C–29, that he did know the man as one Joseph Randazzo. Both parties have agreed to supplement the record with the latter testimony, which we hereby permit. It is clear to us, however, that Abramson's testimony at appellants' trial with regard to the identification of the man to whom the heroin was delivered in San Antonio did not prejudice appellants in any way.

Other contentions made by appellants are without merit.

Petition denied.