UNITED STATES of America,
Plaintiff-Appellee,

v.

Anthony GRANZA and Vincent Ferrara,
Defendants-Appellants.

No. 28138.

United States Court of Appeals,
Fifth Circuit.

June 3, 1970.

Clyde W. Woody, Marian S. Rosen, Houston, Tex., for defendants-appellants.

Anthony J. P. Farris, U. S. Atty., William B. Butler, Asst. U. S. Atty., James R. Gough, Asst. U. S. Atty., Houston, Tex., for plaintiff-appellee.

Before GEWIN, GOLDBERG and SIMPSON, Circuit Judges.

PER CURIAM:

■ Anthony Granza and Vincent Ferrara were convicted in September 1964 of conspiracy to smuggle heroin and to conceal and facilitate the transportation of heroin after unlawful importation in violation of 21 U.S.C. § 174. We affirmed their convictions in July 1967 [1] and certiorari was denied by the Supreme Court on November 6, 1967.[2] This court issued its mandate affirming their convictions on November 20, 1967. Appellants filed a motion for a new trial on December 14, 1967 [3] alleging that two government witnesses, Abramson and Hemken, committed perjury with the government's knowledge.

After conducting an evidentiary hearing, the district court found that Hemken did not give false testimony. The court further found that while Abramson did testify falsely, it was done without the knowledge of the government, and the false statements did not relate to a material issue in the trial and in no way contributed to appellants' convictions.[4] On this appeal from the district court's denial of their motion for a new trial, Granza and Ferrara contend: (1) Abramson and Hemken committed perjury with the knowledge of the government. (2) The district court erred in refusing to produce Abramson, Hemken

and one Randazzo at appellants' hearing on their motion for a new trial. (3) 21 U.S.C. § 174 is unconstitutional "because of its self-incriminatory provisions." The contentions are without merit; the district court's denial of the motion is affirmed.

■ Appellants' first contention and argument totally ignore the adverse factual findings of the district court. Our scope of review of factual determinations on appeal from the denial of a motion for a new trial is very restricted. The rule is generally stated, "The trial court's resolution of fact issues on which there is conflicting testimony is not reviewable at all unless the findings are wholly unsupported by the evidence."[5] An examination of the record in the instant case convinces us that the district court's findings are correct in every respect.

■ Appellants' second contention is not supported either by argument or authority. The rule followed in this circuit is that a district court's denial of a motion for a new trial will be affirmed unless there has been error as a matter of law or a clear and manifest abuse of judicial discretion.[6] The district court's failure to require the production of the desired witnesses at the

1. Granza and Ferrara v. United States, 377 F.2d 746 (1967), rehearing denied, 381 F.2d 190 (5th Cir. 1967).

2. 389 U.S. 939, 88 S.Ct. 291, 19 L.Ed.2d 292 (1967).

3. When a conviction is appealed, a motion for a new trial based on newly discovered evidence may only be made before or within two years after the issuance of the mandate of affirmance by the appellate court. Harrison v. United States, 191 F.2d 874 (5th Cir. 1951). See Rule 33, Federal Rules of Criminal Procedure.

4. During appellants' trial, Abramson, a co-conspirator and witness for the government, testified that he did not know the name of the man to whom he had delivered quantities of heroin. In another trial, Abramson admitted that he did know the man's name and that they had traveled together from Texas to New York. This is the "perjury" of which appellants com-

plain. Appellants raised this issue in their petition for rehearing, 381 F.2d 190 (5th Cir. 1967). This court stated in response:
> It is clear to us, however, that Abramson's testimony at appellants' trial with regard to the identification of the man to whom the heroin was delivered in San Antonio did not prejudice appellants in any way.

5. 2 C. Wright, Federal Practice and Procedure, § 559, at 542 (West, 1969). See United States v. Johnson, 327 U.S. 106, 66 S.Ct. 464, 90 L.Ed. 562 (1946); Everitt v. United States, 353 F.2d 532, 533 (5th Cir. 1965); Newman v. United States 238 F.2d 861 (5th Cir. 1956).

6. Vela v. United States, 287 F.2d 680 (5th Cir. 1961). This is also the general rule. See 2 C. Wright, Federal Practice and Procedure, § 559, at 542 & 542 n. 96 (West, 1969).

hearing on the motion for a new trial constitutes neither an error of law nor an abuse of discretion.

 We lack jurisdiction to decide the question raised by appellants' third contention. The only ground on which appellants' motion for a new trial may be granted is newly discovered evidence.[7] Motions for a new trial on any other ground must be made within seven days after verdict or finding of guilty.[8] Appellants' recent "discovery" that the criminal statute may have constitutional defects does not qualify as "newly discovered evidence."

The judgment is affirmed.

---

7. Rule 33, Federal Rules of Criminal Procedure.

