**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**James Ronald SHELTON, Defendant-**
**Appellant.**

**No. 71-1894.**

United States Court of Appeals,
Ninth Circuit.

April 24, 1972.

1006

James R. Shelton, pro se.

Harry D. Steward, U. S. Atty., Donald J. Shanahan, Robert H. Filsinger, Asst. U. S. Attys., San Diego, Cal., for plaintiff-appellee.

Before CARTER and TRASK, Circuit Judges, and JAMESON, District Judge.*

PER CURIAM:

Appellant was convicted, following a non-jury trial, of the illegal importation of heroin, in violation of 21 U.S.C. § 174, and on July 28, 1969 was sentenced to five years imprisonment. On August 11, 1969 an appeal was taken from the judgment of conviction.[1]

In June, 1970, while the appeal was pending, appellant, acting pro se, filed a motion for a new trial, claiming ineffective assistance of counsel[2] and an insanity defense under an application of the test of criminal responsibility announced in Wade v. United States, 9 Cir. 1970, 426 F.2d 64, decided subsequent to appellant's conviction.[3]

On July 9, 1970 the district court denied the motion for a new trial, stating, inter alia, that there was "no newly discovered evidence which can form the basis of a new trial" and that any question of law which might be a basis for a new trial could not be considered while the appeal was pending. The court noted also that "all of the facts and circumstances negate the appropriateness of an insanity plea."

On August 17, 1970 appellant filed a petition for rehearing, which was denied

in an order entered February 25, 1971, the court noting that the petition contained no new matter. This appeal followed.

Rule 33 of the Federal Rules of Criminal Procedure provides in pertinent part:

"The court on motion of a defendant may grant a new trial to him if required in the interest of justice. * * * A motion for a new trial based on the ground of newly discovered evidence may be made only before or within two years after final judgment, but if an appeal is pending the court may grant the motion only on remand of the case. A motion for a new trial based on any other grounds shall be made within 7 days after verdict or finding of guilty or within such further time as the court may fix during the 7-day period."

Under Rule 33 a district court may "entertain and *deny* a motion for a new trial based upon newly discovered evidence without the necessity of a remand. Only after the district court has heard the motion and decided to *grant* it is it necessary to request a remand from the appellate court." United States v. Frame, 9 Cir. 1972, 454 F.2d 1136. Here the motion was denied and accordingly it was unnecessary to request a remand.

Turning to the merits, we hold that the motion and petition for rehearing were properly denied. While the

* Honorable W. J. Jameson, United States Senior District Judge for the District of Montana, sitting by designation.

1. This appeal is still pending, No. 24,972. Following oral argument on January 6, 1971, submission of the case was vacated on January 14, 1971 pending decision of the Supreme Court in United States v. Johnson, (9 Cir. 1970, 425 F.2d 630), in which a writ of certiorari was granted January 11, 1971. (400 U.S. 990, 91 S.Ct. 451, 27 L.Ed.2d 437.) The writ of certiorari in Johnson was dismissed October 12, 1971. 404 U.S. 802, 92 S.Ct. 38, 30 L.Ed.2d 43. On November 22, 1971 this court, in No. 24,972, remanded to the district court with instructions to reopen the hearing on a motion to suppress, and certify the supplemental record to this court.

2. In his motion and supporting memorandum appellant relied primarily on his claim of an "insanity-addiction defense", suggesting that the "proper vehicle" for claim of ineffective assistance of counsel would seem to be a proceeding under 28 U.S.C. § 2255.

3. In Wade the court adopted the insanity test of "substantial capacity" to conform conduct to the requirements of the law in lieu of the modified M'Naughton rules theretofore followed in this circuit.

term "newly discovered evidence" as used in Rule 33 is often "evidence only in a loose sense", 8A Moore's Federal Practice, para. 33.03 [1] p. 33–13, n. 4, it has not been extended to "discovery" of a new issue of law. United States v. Granza, 5 Cir. 1970, 427 F.2d 184, 186. A change in the legal standard for determining "insanity" does not qualify as "newly discovered evidence." [4]

The district court did not abuse its discretion in denying appellant's motions for a new trial. See, e. g., Wright v. United States, 9 Cir. 1965, 353 F.2d 362, 365; Evalt v. United States, 9 Cir. 1967, 382 F.2d 424, 428–429.

Affirmed.

4. All of the cases cited by appellant in which this court granted a new trial on the basis of Wade were appeals from judgments of conviction—not appeals from orders denying motions for a new trial on the ground of newly discovered evidence.