UNITED STATES of America,
Plaintiff-Appellee,

v.

Frank Peter TERESI, Defendant-
Appellant,

No. 73–1354.

United States Court of Appeals,
Seventh Circuit.

Argued June 8, 1973.

Decided Aug. 28, 1973.

See also, 7 Cir., 474 F.2d 759.

Sherwood L. Levin, Chicago, Ill., for defendant-appellant.

James R. Thompson, U. S. Atty., William T. Huyck and Theodore T. Scudder, Asst. U. S. Attys., Chicago, Ill., for plaintiff-appellee.

Before FAIRCHILD, STEVENS and SPRECHER, Circuit Judges.

FAIRCHILD, Circuit Judge.

This is an appeal from orders of the district court entered April 17, 1973, Judge Austin, presiding. On March 28, 1973, an order had been entered by the district court, Judge Perry presiding, suspending a sentence previously imposed and placing defendant on probation. One of the April 17 orders vacated the order of March 28. The other reduced the three year sentence previously imposed by one month, leaving it for the

most part in effect. This appeal presents the question whether the March 28 order was void, and if not, whether the April 17 orders have any effect. Several subsidiary questions must also be resolved.

We conclude that the March 28 order was not void, although it requires correction; that its substance is controlling; and the April 17 orders, appealed from, must be reversed.

On November 9, 1971, defendant was convicted in the district court for the northern district of Illinois of refusal to submit to induction, and was sentenced to three years imprisonment. On appeal this court affirmed. United States v. Teresi, 474 F.2d 759 (1973). Our mandate was filed in the district court March 23, 1973, and, apparently by arrangement with the marshal, defendant was to surrender at noon March 28, 1973 to begin his sentence.

During the morning of March 28, defendant came to the district court with a motion to reduce sentence. Because Judge Napoli, who had imposed sentence, had died July 12, 1972, defendant presented his motion to Judge Parsons, then emergency judge. Judge Parsons declined to rule upon the motion, but referred the matter to the Executive Committee for reassignment.

The Executive Committee assigned defendant's case to Judge Austin.[1] Judge Austin, who was away for several days' vacation, had made arrangements with Senior District Judge J. Sam Perry to hear emergency motions, and defendant sought to bring his motion before Judge Perry.

■ Judge Perry agreed to hear the motion. Thereafter, following notice to the government, a hearing was conducted at which defendant presented several witnesses on his behalf. During this proceeding the government pointed out that defendant had originally asked for probation and Judge Napoli had denied it, but the government did not ask for a continuance or otherwise object to Judge Perry's decision to consider the motion. The government must be deemed to have waived non-jurisdictional challenges.

At the conclusion of the hearing, Judge Perry entered the following order:

"It is hereby ordered that the motion of defendant to reduce the sentence is denied, and motion to place defendant on probation is hereby granted. It is further ordered that the three year sentence of defendant to the custody of the Attorney General of the United States is hereby suspended and defendant is placed on probation for a period of three years upon the following conditions: First that he seek custody of his minor daughter and support her during the period of probation; second that he shall spend six months in the custody of the Attorney General of the United States beginning on such date as this Court shall fix and determine during said period of probation provided however that if this Court is satisfied with defendant's conduct while on probation and does not order defendant to be so committed for six months period before September 27, 1975, then on that date defendant's probation shall be terminated and the condition of spending 6 months in the custody of the Attorney General of the United States shall automatically be waived and become null and void."

Defendant's efforts to obtain a hearing extended well beyond the hour he was to report to the marshal. The marshal was apprised of defendant's presence in the federal building and his motivations for not reporting by noon. The marshal made no effort to take defendant into custody and, after the hear-

---

1. Rule 36, subd. 3 of the General Rules for the northern district provides:
   "*Vacancies.* Cases on the calendar of a Judge who dies, resigns or retires shall be reassigned as soon as possible under the direction of the Executive Committee, pro-rata by lot to the remaining Judges."

ing, the defendant reported to a probation officer.

On April 4, 1973, the government presented to Judge Austin a motion to vacate Judge Perry's March 28 order. A hearing was conducted April 17. At this proceeding Judge Austin indicated that defendant's motion was not an emergency. He expressed his belief that since he had been assigned defendant's case he only could properly deal with the matter and Judge Perry's order was void. Judge Austin vacated Judge Perry's order and entered an order reducing defendant's sentence from three years to two years and eleven months to reflect the one month defendant had served on probation. Aside from the adjustment for the one month, the April 17 orders purported to leave the original sentence in force and unstayed.

The orders directly before us on appeal are those entered April 17. It will be seen, however, that because of our view with respect to double jeopardy resulting from imposition of sentence of imprisonment after service of a period of probation had begun, the critical question is whether the March 28 order was void.

■ Neither the lapse of time nor the affirmance of the original judgment deprived the district court of jurisdiction to suspend the execution of sentence and place the defendant on probation. Kriebel v. United States, 10 F.2d 762 (7th Cir., 1926); White v. Steigleder, 37 F.2d 858 (10th Cir., 1929).

■ Such jurisdiction would have been lost had defendant begun service of his sentence. Cook v. United States (United States v. Murray), 275 U.S. 347, 48 S.Ct. 146, 72 L.Ed. 309 (1928). Although the government argues that execution of sentence had begun before the March 28 order was entered, the record does not support the claim. Under the circumstances already described with respect to the arrangements be-

tween the marshal and defendant, it cannot be said that defendant was in the marshal's custody and had begun to serve his sentence at the time that the order granting probation was entered.[2]

Thus the district court had jurisdiction on March 28 to stay execution of the sentence and place defendant on probation.

■■ The March 28 order is ambiguous. 18 U.S.C. § 3651, second paragraph, would authorize a sentence of imprisonment for three years, with confinement for six months, execution of two and one-half years suspended, and defendant placed on probation for such period, subject to the condition stated with respect to defendant's daughter. The sentence expressed in the order, however, conflicts with this paragraph. It does not provide unconditionally for confinement for six months, and leaves it to the discretion of the court at some later date to order the beginning of confinement for six months, and confinement never to occur if the court does not order it within two and one-half years. Hence the sentence ordered on March 28 cannot rest on the second paragraph of § 3651.

Two other constructions of the sentence appear to be possible and lawful: (A) Portions of the order indicate the court's intention that defendant remain on probation for two and one-half years, subject to a term of imprisonment of six months if probation be revoked. This could have been more clearly expressed as a sentence of imprisonment for six months, execution suspended, and defendant placed on probation for two and one-half years. The express denial of reduction of the original (three year) sentence and the references to three years as the extent of the sentence being suspended and as the period of probation are inconsistent with the intent just suggested. (B) Giving paramount effect to the references to three years as the term of imprisonment and as the

---

2. See the suggestion of this court that a marshal not be over-zealous in a situation ■ of this type. Trant v. United States, 90 F. 2d 718 (7th Cir., 1937).

term of probation, the sentence could have been expressed as a sentence of imprisonment for three years, execution suspended, and defendant placed on probation for three years.

In any event, the court's intention that defendant need not necessarily be confined at all, and that he be placed on probation is manifest and paramount. Although the ambiguities require that the sentence prescribed on March 28 be corrected, they did not render it void.

The claim of voidness of the March 28 order most vigorously pressed by the government is that by reason of the assignment of the case to Judge Austin and the local rules, Judge Perry had no authority on March 28 to exercise the jurisdiction of the district court in this case.

■ We deem it irrelevant for this purpose that Judge Perry is a senior judge, who had retired from regular active service under 28 U.S.C. § 371(b). For the period in question Judge Perry was designated and assigned by the chief judge of the circuit to perform the duties of district judge in the northern district of Illinois. 28 U.S.C. § 294(c), and § 292(b).

"[J]urisdiction is lodged in a court, not in a person. The judge, exercising the jurisdiction, acts for the court." In re Brown, 346 F.2d 903, 910 (5th Cir., 1965). An application of this principle to suspension of sentence and grant of probation is found in Ackerson v. United States, 15 F.2d 268 (2nd Cir., 1926). In any particular matter, Judge Perry could exercise the jurisdiction of the court to the same extent as any judge in regular active service.

■ The government, citing 28 U.S. C. § 137, suggests that because defendant's motion to reduce was assigned to Judge Austin in accordance with the rules of the district, Judge Perry was without authority to act. Section 137 provides: "The business of a court having more than one judge shall be divided among the judges as provided by the rules and orders of the court."

This argument is, however, seriously undermined on its own terms by the broad language in Rule 36, subd. 1 of the General Rules for the northern district of Illinois. This rule provides:

"1. *Temporary Absence of Assigned Judge.* Cases on the Bankruptcy, Criminal, and Civil calendars of a judge who is temporarily absent because of illness or otherwise may be heard by a judge selected by the absent judge or a judge designated by the Executive Committee."

Because of the arrangement between the judges that Judge Perry should hear matters during Judge Austin's absence, we find no merit in the proposition that action in this matter by Judge Perry contravened the rules of the district court.

■ The government appears to suggest that the rule is to be construed as authorizing the substituting judge only to pass upon "mechanical matters such as orders granting extensions of filing deadlines, granting leave to file papers and the like." Such a narrow construction is not readily suggested by the language of the rule. It may well be that the substituting judge will exercise restraint in deciding how far to go in dealing with a matter arising in the assigned judge's absence, but we think that whatever the extent to which he does exercise the jurisdiction of the court, his action has the same effect as if the assigned judge had taken the same action.

■ The government has called our attention to a general order of the district court, reciting that Judge Perry had indicated a wish to be included in the assignment of new cases, and directing the assignment clerk to assign newly filed civil cases to his calendar. The most this implies with respect to criminal cases is that new ones are not to be routinely assigned to him. We do not view the order as implying any restriction upon his authority in a criminal case which comes before him by ar-

rangement with an absent judge to whom the case had been assigned.

We conclude that the March 28 order was not void.

Once it has been determined that the March 28 order was not void, the propriety and effect of the April 17 orders must be considered.

Judge Perry had reconsidered Judge Napoli's original denial of probation and had chosen a different result. Any restraint with which one judge approaches reconsideration of a decision made in the same case by another judge of his court is a principle of comity and not a limitation upon jurisdiction. Bowles v. Wilke, 175 F.2d 35, 37 (7th Cir., 1949). Could Judge Austin reconsider Judge Perry's decision, and impose a more onerous sentence? We think no more onerous sentence could be imposed once defendant began to serve his period of probation under the March 28 order.

"It is a well settled general rule that increasing a sentence after the defendant has commenced to serve it is a violation of the constitutional guaranty against double jeopardy." United States v. Sacco, 367 F.2d 368, 369 (2nd Cir., 1966), and cases cited therein.

Of course probation is subject to revocation, and actual confinement may result therefrom. 18 U.S.C. §§ 3651, 3653. Such confinement as a result of revocation does not violate the fifth amendment. But we think that, short of revocation, a change from probation, once service thereof has been commenced, to an unsuspended sentence of imprisonment, must, logically, be a violation of the guaranty against double jeopardy.

In deciding that an order of probation without sentence is appealable, the Supreme Court noted that a probation order is an abridgement of the defendant's liberty in the public interest, and a mode of punishment, though mild and ambulatory. Korematsu v. United States, 319 U.S. 432, 435, 63 S.Ct. 1124, 87 L.Ed. 1497 (1943). Probation has been held to constitute punishment,

though lenient, for the purpose of determining the question of double jeopardy. Oksanen v. United States, 362 F.2d 74, 80 (8th Cir., 1966); Commonwealth v. Vivian, 426 Pa. 192, 231 A.2d 301, 305 (1967). Defendant began to serve the period of his probation when he reported, apparently March 28, to the probation officer and the officer accepted technical custody. Pugliese v. United States, 353 F.2d 514, 516 (1st Cir., 1965).

Reversing the April 17 orders would restore the March 28 order to force. The ambiguities of that order, however, call for correction. On remand, the district court should correct it so that its terms are clear and it is consistent with 18 U.S.C. § 3651. It should be no more onerous than a sentence of imprisonment for three years with execution suspended and defendant placed on probation for a period of three years, with the conditions concerning defendant's daughter as now provided. It may be made less onerous.

The orders of April 17, 1973, appealed from, are reversed and the cause is remanded for correction of the sentence contained in the order of March 28, 1973, consistent with this opinion.