**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Martin DAYTON, Defendant–Appellant.**

No. 91–5838.

United States Court of Appeals, Eleventh Circuit.

Jan. 26, 1993.

---

Stephen J. Goldstein, Miami, FL, for defendant-appellant.

Dexter Lehtinen, U.S. Atty., Laura W. Bonn, Harriett Galvin, Linda Collins Hertz, Miami, FL, for plaintiff-appellee.

Before TJOFLAT, Chief Judge, EDMONDSON, Circuit Judge, and DYER, Senior Circuit Judge.

DYER, Senior Circuit Judge:

Martin Dayton was convicted of conspiracy and mail fraud. His conviction was affirmed by this court in an unpublished *per curiam* opinion. *United States v. Dayton and Sayegh*, 869 F.2d 1500 (1989). Dayton is presently appealing the denial of a motion for a new trial based upon newly discovered evidence pursuant to Rule 33, *Fed.R.Crim.P.* We review the district court's decision that it lacked jurisdiction to consider the motion, which it found to be untimely filed. Based on our interpretation of Rule 33, and relying on *Harrison v. United States*, 191 F.2d 874 (5th Cir.1951) and *United States v. Granza*, 427 F.2d 184 (5th Cir.1970) as controlling authority, we find that the motion was timely filed, and we REVERSE.

The government has raised as a separate issue, that if we find the motion was timely filed, we should determine that Dayton's motion lacks merit because it fails to meet any of the criteria for newly discovered evidence pursuant to Rule 33. We decline to rule on the merits of the motion which the district court has not yet considered. Therefore, we REMAND this case for an evidentiary hearing on the motion for a new trial.

## Background

A jury found Dayton guilty for his role in a conspiracy to defraud an insurance company. The scheme was set up by the parents of a burn victim to collect on a fraudulent claim. In Dayton's capacity as a medical doctor, he prepared a medical report in 1984 regarding the girl's injury. Dayton's participation facilitated the scam by the patient's parents to collect on an insurance claim for a 1982 injury even though the girl's burn was later found to be the result of a 1978 accident. A settlement amount of $100,000 had already been collected by the Sayeghs for the 1978 burn accident. Dayton now relies on allegedly newly discovered evidence to support his defense that there were two different girls with burn injuries, rather than one girl and a fraudulent claim for a second burn injury.

The date of Dayton's conviction and sentencing was November 14, 1986. Dayton moved for a new trial on March 19, 1991, less than two years from the date the appeal mandate was returned on March 21, 1989, but more than two years from the original judgment of conviction.

## Discussion

Rule 33, *Fed.R.Crim.P.*, sets the time limit for filing a motion for a new trial on the ground of newly discovered evidence. "[A motion] ... may be made only before or within two years after final judgment, but if an appeal is pending, the court may

grant the motion only on remand of the case."

The language of Rule 33 to which the parties attach divergent interpretations is the meaning of "final judgment." Dayton argues that the two-year period begins to run upon the issuance of the mandate by the court of appeals, which is the final judgment in a criminal case in the context of Rule 33. The government argues that a motion must be filed within two years of the original judgment of conviction. We agree with Dayton and reject the government's interpretation of Rule 33.

The district court's ruling that the motion for a new trial was untimely was based on its reliance on *United States v. Cross*, 928 F.2d 1030, 1053 (11th Cir.), *cert. denied*, — U.S. —, 112 S.Ct. 594, 116 L.Ed.2d 618 (1991). In *Cross*, the court, by a footnote, commented on Rule 33 in connection with Cross' argument that a government witness had recanted his trial testimony. Cross did not file a Rule 33 motion, and the matter was clearly not an issue relevant to his appeal. The court made an observation in reference to Cross' failure to file a motion based on newly discovered evidence, that the two-year period had expired. "Cross was sentenced on May 16, 1986 and, therefore, would have had to file his motion no later than May 16, 1988." *Id.* n. 75. The *Cross* court did not consider ruling on the merits of a motion based on newly discovered evidence, and merely noted that the time was foreclosed anyway.

The government concedes that the comments made in *Cross* concerning the time within which Cross would have had to file a motion for a new trial are dicta. Thus, the gratuitous comments are not determinative of the meaning of "final judgment" as related to the time limit in Rule 33, which is the issue presented in this case, but was not presented in *Cross*. *See Great Lakes Dredge & Dock Co. v. Tanker Robert Watt Miller*, 957 F.2d 1575, 1578 (11th Cir.), *cert. denied*, — U.S. —, 113 S.Ct. 484, 121

L.Ed.2d 388 (1992) (explaining that dicta is neither law of the case nor binding precedent).

The issue presented here has been resolved in a firmly-established body of case-law, which originated in our circuit in *Harrison v. United States*, 191 F.2d 874 (5th Cir.1951)[1], and has been followed without exception by this circuit and every other circuit which has addressed the issue. *See Smith v. United States*, 283 F.2d 607, 610 (D.C.Cir.1960), *cert. denied*, 364 U.S. 938, 81 S.Ct. 387, 5 L.Ed.2d 369 (1961); *Vega Pelegrina v. United States*, 601 F.2d 18, 19 n. 1 (1st Cir.1979); *United States v. Gross*, 614 F.2d 365, 366 n. 2 (3rd Cir.), *cert. denied*, 447 U.S. 925, 100 S.Ct. 3019, 65 L.Ed.2d 1118 (1980); *United States v. Leibowitz*, 919 F.2d 482, 483 (7th Cir.1990), *cert. denied*, — U.S. —, 111 S.Ct. 1428, 113 L.Ed.2d 480 (1991); *United States v. Spector*, 888 F.2d 583, 584 (8th Cir.1989); *United States v. Cook*, 705 F.2d 350, 351 (9th Cir.1983); *Casias v. United States*, 337 F.2d 354, 356 (10th Cir.1964). No circuit has ruled to the contrary.

In *Harrison*, a Rule 33 motion was filed by the appellant and was considered by the district court after the appellate court had affirmed Harrison's conviction. The *Harrison* court stated that the distinction in Rule 33 in the language "after final judgment" and "after verdict or finding of guilty" is significant and that "final judgment" includes the mandate of affirmance. *Harrison*, 191 F.2d at 876. The Fifth Circuit, our predecessor court, explicitly stated this conclusive interpretation of Rule 33 in *United States v. Granza*, 427 F.2d 184, 185 (1970) (per curiam), by noting: "[w]hen a conviction is appealed, a motion for a new trial based on newly discovered evidence may only be made before or within two years after the issuance of the mandate of affirmance by the appellate court." *Id.* at n. 3. The time limit of Rule 33 was not discussed further in *Granza* other than the footnote 3 statement, and *Harrison* was cited as the controlling authority.

---

**1.** The Eleventh Circuit, in the en banc decision *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981), adopted as precedent decisions

of the former Fifth Circuit rendered prior to October 1, 1981.

However, the government argues that the cases which have considered Rule 33 time limits should be analyzed, criticized and rejected as wrongly decided. The government submits that the *Harrison* court's statement that "final judgment includes the mandate of affirmance" is dicta, and that the *Granza* court blindly misapplied the statement as a settled matter of law. The government seeks to persuade this court to abandon this established understanding of the time limit because that interpretation is contrary to the intended policy of Rule 33. We are urged by the government to look at *Harrison* anew, and then to correct the mistake of *Granza* based on the court's misinterpretation of its own decision in *Harrison*.

The government's arguments are based, in part, on the history of the rule changes leading to the adoption of the present version of Rule 33, and also on policy concerns of staleness of evidence in long-delayed, post-appeal proceedings. This position suggests that the proper interpretation is to limit the defendant to two years from the date of conviction to bring a Rule 33 motion. The government argues that is what the drafters of Rule 33 originally intended.

However, at this point in time, we are confronted with a principle which has been accepted as the law and relied upon as such to provide continuity in judicial application. The interpretation of the term "final judgment" in Rule 33 when an appeal is filed is that the time runs from the return of the mandate after a criminal conviction has been affirmed. In well-developed, creative arguments, the government urges us to change the firmly settled law because the other courts failed to correctly apply legislative history and logical analysis in considering Rule 33, and, according to the government's view, reached the wrong conclusion.

Contrary to the government's position, we place greater significance on the fact that neither Congress nor the Supreme Court has intervened to "correct" this presumably "misguided" analysis applied in the cases which have reached the same conclusion as *Harrison* and *Granza*. See *Johnson v. Transportation Agency, Santa Clara, Calif.*, 480 U.S. 616, 629 n. 7, 107 S.Ct. 1442, 1450 n. 7, 94 L.Ed.2d 615 (1987). As noted in *Johnson*, the court may assume that its interpretation was correct when "Congress has not amended the statute to reject [the court's] construction." *Id.* Nothing presented in the government's arguments has persuaded us not to apply the controlling authority of the law which is set forth in prior decisions to interpret Rule 33.

### Conclusion

The motion for a new trial pursuant to Rule 33, *Fed.R.Crim.P.* which was filed by Dayton within two years of the return of the mandate of the appellate court was timely filed. Based on the foregoing discussion, we REVERSE the district court's decision which denied Dayton's motion for a new trial for lack of jurisdiction. We REMAND this case for an evidentiary hearing on the motion for a new trial pursuant to *Fed.R.Crim.P.* 33.

REVERSED and REMANDED.