37 F.3d 1501
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Darrell L. BAILEY, Defendant-Appellant.
 No. 92-3845.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 6, 1994.*
Decided Oct. 24, 1994.
 
 Before PELL, COFFEY and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 Darrell Lamont Bailey was convicted in December 1990 of bank robbery with a dangerous weapon, possession of a firearm as a felon, and using a firearm during a crime of violence. We affirmed in United States v. Bailey, 957 F.2d 439 (7th Cir.), cert. denied, 112 S.Ct. 3053 (1992). Bailey moved for a new trial based on newly discovered evidence in September 1992. See Fed.R.Crim.P. 33. The district court denied his motion. Bailey appeals and we dismiss.
 
 
 2
 Bailey argues for the first time on appeal that the district court lacked jurisdiction because Judge Parsons, the judge who presided during Bailey's trial, had retired from active service. Because Bailey did not raise this issue in the district courts, we may grant relief only if there was plain error or if the district court lacked subject matter jurisdiction. United States v. Wey, 895 F.2d 429, 430 (7th Cir.), cert. denied, 497 U.S. 1029 (1990).
 
 
 3
 18 U.S.C. Sec. 3231 confers the district courts with original jurisdiction to hear all offenses against the laws of the United States. This power is vested in the courts, not the judges. A judge merely acts for the court. United States v. Teresi, 484 F.2d 894, 898 (7th Cir.1973). "Which judicial officer presides [for the court] does not affect the court's subject-matter jurisdiction, for it has nothing to do with whether the tribunal may enter a judgment conclusively resolving the dispute." Wey, 895 F.2d at 430. A senior judge is recognized as being as capable as an active judge, and exercises "the jurisdiction of the court to the same extent as any judge in regular active service." Teresi, 484 F.2d at 898. Bailey challenges the authority of Judge Parsons to act for the court, and does not challenge the authority of the court to act. This argument does not raise a question of jurisdiction, or allege plain error. Thus, this issue is deemed waived.
 
 
 4
 Bailey next argues he should be granted a new trial based on newly discovered evidence because the law under which he was convicted is unconstitutional. A motion for a new trial based on newly discovered evidence may be made only within two years of the final judgment. A motion on any other ground must be made within seven days of the verdict or finding of guilty. Fed.R.Crim.P. 33.
 
 
 5
 The district court has broad discretion to grant or deny a motion for a new trial on the basis of newly discovered evidence, and will be reversed only for a clear abuse of that discretion. To justify the grant of a new trial on the basis of newly discovered evidence, the defendant must demonstrate the evidence (1) came to his attention only after trial, (2) could not have been discovered sooner had due diligence been exercised, (3) is material and not merely impeaching or cumulative, and (4) would probably lead to an acquittal in the event of a retrial. U.S. v. Johnson, 26 F.3d 669, 681 (7th Cir.1994), petition for cert. filed (U.S. Aug. 29, 1994) (No. 94-5893); U.S. v. Walker, 25 F.3d 540, 548-49 (7th Cir.1994), petition for cert. filed, (Aug. 29, 1994) (No. 94-5970). A new legal theory does not qualify as newly discovered evidence under Rule 33. See U.S. v. Shelton, 459 F.2d 1005, 1006-7 (9th Cir.1972); 3 Charles Alan Wright, Federal Practice and Procedure: Criminal 2d Sec. 557 at 337 (1982). We dismiss Bailey's claim as untimely because it does not qualify as newly discovered evidence and it was filed more than seven days after his verdict.
 
 
 6
 Bailey finally asserts his trial counsel rendered ineffective assistance in violation of the Sixth Amendment. This claim was not presented to the district court and the record is insufficient to review Bailey's claims. See U.S. v. Young, 20 F.3d 758, 766 (7th Cir.1994); U.S. v. Mojica, 984 F.2d 1426, 1452-53 (7th Cir.1993), cert. denied, 113 S.Ct. (1993). We therefore decline to rule on Bailey's ineffective assistance of counsel claim and dismiss it with prejudice.
 
 
 7
 DISMISSED WITH PREJUDICE.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record