44 F.3d 1032
 310 U.S.App.D.C. 143
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Bernard WILLIAMS, Appellant.
 No. 94-3005.
 United States Court of Appeals, District of Columbia Circuit.
 Nov. 30, 1994.
 
 Before: WALD, HENDERSON and RANDOLPH, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 36(b). It is
 
 
 2
 ORDERED AND ADJUDGED that the orders of December 21, 1993, and January 6, 1994 be affirmed for the reasons stated in the accompanying memorandum.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41.
 
 ATTACHMENT
 MEMORANDUM
 
 4
 Appellant appeals from orders of the district court denying his request, made pursuant to Fed.R.Crim.P. 33, for a new trial based on ineffective assistance of counsel, and his subsequent Fed.R.Civ.P. 59(e) motion that the court alter or amend its denial of that request. The district court erred in not addressing the merits of Williams' Rule 33 motion, as the motion was timely filed within two years of final judgment. See Fed.R.Crim.P. 33; Smith v. United States, 283 F.2d 607, 610 (D.C.Cir.), cert. denied, 364 U.S. 938 (1960); see also United States v. Dayton, 981 F.2d 1200, 1202 (11th Cir.1993) (collecting cases). Alternatively, Williams' request for a new trial could have been reviewed pursuant to 28 U.S.C. Sec. 2255. However, Williams' allegations of ineffective assistance of counsel are without merit, as he neither offers support for his claims, nor shows how his case was prejudiced. As Williams' claims are insufficient to gain relief under either Fed.R.Crim.P. 33 or 28 U.S.C. Sec. 2255, the denial of the Rule 33 motion is affirmed.