**UNITED STATES of America, Plaintiff,**

v.

**John YANKOWSKI, Defendant.**

**No. CR 97–003–BU–DWM.**

United States District Court,
D. Montana,
Butte Division.

Feb. 17, 1998.

---

David F. Ness, Ness Law Office, Missoula, MT, for John Yankowski.

Kris A. McLean, Office of the U.S. Attorney, Missoula, MT, for U.S.

## OPINION AND ORDER

MOLLOY, District Judge.

John Yankowski was convicted by a jury on both counts of an Indictment on December 2, 1997. Before trial Yankowski moved to consolidate the two counts against him. The elements of the two crimes charged in the indictment are different. Each of the statutes requires proof of elements not contained in the other. Yankowski's multiplicitous argument about the charges arising out of the same conduct is not well taken. All post-trial motions are denied.

## I. THE INDICTMENT

### A. The charge

The Indictment charges in Count II that a violation of 18 U.S.C. § 1951 occurs when the defendant "commits or threatens physical vi-olence to any person or property in furtherance of a plan or purpose to do anything in violation of" the law.

At trial, preliminary instructions were given to the jury. I cautioned the jury then that the instructions were only a "guide" to help them listen to the evidence and that the law at the conclusion of the case would be given to them in binding written instructions. When the preliminary instructions were given, the government did not object when the jury was told that "extortion" was a necessary element of proof to sustain Count II of the indictment.

Later,during the settlement of instructions, the issue arose. Yankowski argued that the government had to prove the element of "extortion" to satisfy the burden of proving a violation of the Hobbs Act. That is what the preliminary instructions said. The government on the other hand argued "not so," extortion was not charged in Count II of the Indictment. The use, or threat of using force, was. The government argued that while it is common practice to use the Hobbs act when robbery or extortion affecting interstate commerce is in question, the language of the statute includes as a separate offense the use of force, or threatening to use force, in carrying out a plan to violate the law.

■ Examination of the Indictment shows that the government did not charge extortion. In Count II, it charged Yankowski with violating the Hobbs Act by threats of physical violence to any person or property. As I read the statute, the government is correct. The Indictment does not need to charge extortion. It does charge in the language ultimately used to instruct the jury.

### B. The strategy of trial

Yankowski contends the government changed its strategy at trial. The change, he argues, resulted in fundamental unfairness to him. While inconsistent legal theories throughout the course of a prosecution may result in judicial estoppel, see e.g. *Russell v. Rolfs,* 893 F.2d 1033 (9th Cir.1990), in this case, the government pursued the same theory from beginning to end. The government's failure to voice concern when the preliminary

instructions were given at the start of trial is not sufficient to invoke the doctrine of judicial estoppel. This prosecutorial oversight was not a conscious change of course to make the indictment fit the theory of the proof.

The government did not change its theory. After hearing the proof, and after reexamining the language of the statute, it would have been error to charge Yankowski's jury in the language of the preliminary instructions at the conclusion of the case. To do so would have been to instruct the jury on an element that is not charged in the Indictment.

When the proof was in, extortion was not proved. A violation of the Hobbs Act as charged was shown. The inevitable conclusion is that if extortion is an essential element for the government to charge, and to prove, before there is a legally sufficient violation of 18 U.S.C. § 1951, then Count II fails for two reasons: (1) It was not charged properly, and (2) It was not proved. If, on the other hand, a violation of 18 U.S.C. § 1951 is shown when there is the use or threat of physical violence against any person or property in furtherance of a plan or purpose to violate the law, then a Hobbs Act violation separate from proof of extortion or from proof of robbery exists.

If I am wrong, jeopardy has attached and the appellate court would be compelled to enter a judgment of acquittal on Count II of the Indictment. However, if I am right, the appellate court will clarify that a violation of 18 U.S.C. § 1951 can be proved by showing there was a threat of physical violence to any person or property in furtherance of a plan to violate the law.[1]

In this case, the jury found beyond a reasonable doubt, Yankowski was trying to burn down a clinic, without regard to the health, safety or well being of the community or the individuals occupying the structure, their patients, or any person residing at or near the clinic. Yankowski's acts affected interstate commerce. They were executed with a plan to violate the law. I agree with the jury.

### 1. The Rule 29 Motion for Judgment of Acquittal on Count II

Based upon the foregoing the defendant's motion for a Judgment of Acquittal is DENIED. The inconsistency Yankowski's counsel refers to is, in reality, an inconsistency generated by Yankowski's mistaken reading of the statute and the elements necessary to prove a violation of the Hobbs Act. The government is not estopped from pursuing the claim they charged.

### 2. The Motion to Consolidate

█ Whether the predicate for felony conviction under Section 844(h) is obstructing, delaying or affecting interstate commerce by "committing or threatening physical violence" or by "extortion," the elements of Section 844(h) and 844(i) are sufficiently distinct that consolidation was not inappropriate in the Indictment or the charge. The motion to consolidate is denied whether the underlying element is "extortion" or whether it is "committing or threatening physical violence." The Rule 29 Motion for a Judgment of Acquittal is DENIED.

### 3. Motion for a New Trial

█ Yankowski argues that the issue of extortion, while not charged in the Indictment, should have been decided by the jury. The defendant may be granted a new trial if required in the interest of justice. Fed. R.Crim.P. Rule 33. The defendant has a significant burden in showing that the district court abused its discretion in denying a motion for new trial. *United States v. Endicott*, 869 F.2d 452, 454 (9th Cir.1989).

The interpretation of 18 U.S.C. § 1951 requires a legal conclusion. The appropriate forum for Yankowski to question my interpretation of 18 U.S.C. § 1951 is not with a motion for a new trial, but to appeal.

█ Yankowski received a fair trial. The facts were overwhelming. He was caught red-handed on the roof of a clinic virtually on the edge of finalizing a catastrophic, and insidious act. The government proved all of

---

1. The elements of Count II as I read the statute in this case are as follows: (1) An act by Yankowski, (2) the act in some way obstructed, delayed, or affected interstate commerce or the movement of any article or commodity in interstate commerce, (3) the act involved committing or threatening physical violence to some person or property, and (4) the act was in furtherance of a plan or purpose to violate the law.

the elements charged in the Indictment. Whether the Indictment, and whether the proof at trial should have included the element of extortion is a question for the Ninth Circuit Court of Appeals to answer. See, *United States v. Shelton,* 459 F.2d 1005 (9th Cir.1972)("newly discovered evidence" does not extend to "discovery" of a new issue of law for purposes of granting a new trial under Rule 33).

## II. CONCLUSION

Yankowski committed a hideous act. His conduct is reprehensible. His apparent view that the end justifies the means is intolerable when that involves violent criminal conduct or the attempt to use violence against persons or property. The Judgment of Acquittal is DENIED. The Motion for a New Trial is DENIED. I reaffirm my determination on the Motion to Consolidate and DENY Yankowski's untimely post-trial argument.