**Steve CASIAS, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 7799.**

United States Court of Appeals
Tenth Circuit.

Oct. 21, 1964.

William A. Shaw, Denver, Colo., for appellant.

Donald P. MacDonald, Asst. U. S. Atty. (Lawrence M. Henry, U. S. Atty., on brief), for appellee.

Before MURRAH, Chief Judge, and PHILLIPS and LEWIS, Circuit Judges.

MURRAH, Chief Judge.

Appellant-Casias was convicted and sentenced on a one-count indictment charging receipt, concealment and sale of heroin in violation of 21 U.S.C. § 174. That judgment was affirmed by this Court sitting en banc and equally divided. See: Casias v. United States, 315 F.2d 614, cert. den. 374 U.S. 845, 83 S.Ct. 1901, 10 L.Ed.2d 1065. After the issuance of this Court's mandate in June, 1963 and while serving a State-imposed sentence, Casias filed his pro se motion to vacate and set aside his Federal sentence on the ground that one Gutierrez had confessed the crime for which Casias had been convicted, and attached the affidavit of confession. The trial Court denied this motion without a hearing on the ground that since Casias was not serving the sentence sought to be vacated, relief was not presently available under 28 U.S.C. § 2255; and, treating the motion as one for new trial under Rule 33, F.R.Crim.P., based on newly discovered evidence, it was denied as untimely. Thereafter a motion for rehearing was filed, alternatively urging the trial Court to treat the former pleading "as an application for Writ of Error Coram Nobis." From the Court's refusal to grant a hearing, this appeal is perfected in forma pauperis.

Appellant does not now question the trial Court's refusal to consider his motion under § 2255. Indeed, his sole contention on appeal is that his motion, together with the attached affidavit of Gutierrez, substantially alleged and established facts sufficient to warrant a new trial under Rule 33 or a hearing on a Writ of Error Coram Nobis. If petitioner's pleadings be treated as a motion for new trial under Rule 33 and are timely, we have no need to resort to the extraordinary remedy provided by the common law Writ.

Rule 33, F.R.Crim.P. pertinently provides: "The court may grant a new trial to a defendant if required in the interest of justice. * * * A motion for a new

trial based on the ground of newly discovered evidence may be made only before or within two years after final judgment, but if an appeal is pending the court may grant the motion only on remand of the case." The instant motion was filed more than two years after judgment of sentence but within two years after the mandate of affirmance from this Court. Other courts have construed the crucial term "final judgment" to mean "(1) the last date for taking an appeal, if no appeal is taken; and (2) if an appeal is taken, then the date when the appellate process is terminated." Smith v. United States, 109 U.S.App.D.C. 28, 283 F.2d 607, 610. See also: Harrison v. United States, 5 Cir., 191 F.2d 874, and cases cited. The Government insists, however, that the term "final judgment" should be construed to refer to the date of sentence, and this Court is urged to so adjudicate the commencement of the limitation period, contrary to recognized authority, and as one of first impression in this Circuit.

 The power of the court to grant new trials under Rule 33 "in the interest of justice" is confined to the time limitations during which the motions for new trial may be filed. Thus, a motion for new trial on the ground of newly discovered evidence can be made only before "final judgment" or within two years thereafter. If an appeal is pending, the trial court may grant the motion only on remand of the case. On any other ground, the motion must be made within five days after "verdict or finding of guilty". All the courts which have considered the meaning of "final judgment" have accorded significance to the distinction between "final judgment" and "verdict or finding of guilty," and have concluded that "final judgment" includes the mandate of affirmance from the appellate court. See: Harrison v. United States, supra, 191 F.2d p. 876. "That construction" said the Court in Harrison, "comports with the simplicity in procedure enjoined by Rule 2 and allows the proceeding to be initiated in the district court as it may be in cases where an appeal is pending." This construction of the Rule also comports with the generally accepted view that "[a] judgment appealed from is not a final judgment. It is merely an adjudication of the inferior court, the finality of which depends upon the action of the superior court." Carroll Electric Co. v. Snelling, 1 Cir., 62 F.2d 413, 415. We agree with the reasoning of the cited cases and hold that the motion for new trial was timely.

No one can doubt that a confession by another party to the crime for which the petitioner has been tried and convicted, if discovered after conviction, would be grounds for a new trial. The integrity of the confession is a matter within the province of the trial Court, i. e., see: Harrison v. United States, supra. We hold only that the petitioner is entitled to be heard on his motion, and the case is accordingly remanded for that purpose.

Reversed and remanded.