**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Mark Edwin COOK, Defendant-Appellant.**

**No. 82–1476.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 5, 1983.

Decided May 3, 1983.

Timothy Ford, Seattle, Wash., for defendant-appellant.

William Hogan, Asst. U.S. Atty., Seattle, Wash., for plaintiff-appellee.

Before HUG, POOLE and NORRIS, Circuit Judges.

HUG, Circuit Judge:

Cook challenges the district court's denial of his motion for a new trial based on the ground of newly discovered evidence. Because Cook's motion was untimely, we affirm.

Cook was indicted for, and subsequently convicted of, aiding the robbery of a national bank, using a firearm to commit a felony, and conspiring to commit the robbery. We affirmed the conviction in an opinion issued on June 29, 1979, *United States v. Cook,* 608 F.2d 1175 (9th Cir.1979), *cert. denied,* 444 U.S. 1034, 100 S.Ct. 706, 62 L.Ed.2d 670 (1980), and after we denied Cook's petition for rehearing, issued our mandate of affirmance on October 11, 1979. Cook thereafter sought review in the Supreme Court, which denied certiorari on January 14, 1980.

On December 14, 1981, Cook filed a motion for a new trial based on what he characterizes as newly discovered evidence. The district court held that the motion was untimely and denied it on February 10, 1982. The court also held that the motion would have been denied on its merits even if it had been timely. In response, on Feb-

ruary 24, Cook filed a motion for reconsideration and, alternatively, a notice of appeal. Although this notice of appeal was filed late, the district court found excusable neglect and ordered that the appeal be allowed.

A motion for a new trial based on the ground of newly discovered evidence "may be made only before or within two years after final judgment." Fed.R.Crim.P. 33. Because Rule 33's time limitations are jurisdictional, a district court is powerless to consider an untimely motion for a new trial. *See United States v. Hazeem,* 679 F.2d 770, 774 (9th Cir.), *cert. denied,* —— U.S. ——, 103 S.Ct. 106, 74 L.Ed.2d 95 (1982); *United States v. Lara-Hernandez,* 588 F.2d 272, 275 (9th Cir.1978). Whether the district court was empowered to consider Cook's motion for a new trial thus depends on whether the motion was filed within two years of the entry of the final judgment in this case.

Under Rule 33, "final judgment" is defined as the date on which the appellate process "is terminated." *United States v. White,* 557 F.2d 1249, 1250 (8th Cir.), *cert. denied,* 434 U.S. 870, 98 S.Ct. 214, 54 L.Ed.2d 149 (1977); *Casias v. United States,* 337 F.2d 354, 356 (10th Cir.1964); *Smith v. United States,* 283 F.2d 607, 610 (D.C.Cir. 1960) (Bazelon, J., concurring), *cert. denied,* 364 U.S. 938, 81 S.Ct. 387, 5 L.Ed.2d 369 (1961); *see United States v. Holman,* 436 F.2d 863, 868 n. 1 (9th Cir.1970), *cert. denied,* 402 U.S. 913, 91 S.Ct. 1394, 28 L.Ed.2d 655 (1971) (dicta). The appellate process is terminated—and thus the two-year period begins to run—when an appellate court issues its mandate of affirmance. *See Casias,* 337 F.2d at 356; 3 C. Wright, *Federal Practice and Procedure* § 558 (2d ed. 1982).

We issued our mandate affirming Cook's conviction on October 11, 1979. Cook did not file his motion until December 14, 1981, more than two years later. We therefore hold that the district court, having no power to consider Cook's untimely motion, correctly denied the motion.

Cook contends that the two-year period actually did not begin to run until the Supreme Court denied his petition for certiorari on January 14, 1980, one month less than two years before he filed his motion. Cook's argument would have merit if he had obtained a stay of our mandate pending his application to the Supreme Court for a writ of certiorari. *See* Fed.R.App.P. 41(b) (when stay has been obtained, appellate court's mandate of affirmance does not issue until Supreme Court denies certiorari petition). Cook, however, did not obtain (or even seek to obtain) a stay of our mandate before he sought review in the Supreme Court. The mandate having been issued and neither stayed nor recalled, the Supreme Court's action on his certiorari petition is thus irrelevant to the issue of the timeliness of his Rule 33 motion.

AFFIRMED.