961 F.2d 221
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Julian Roger SANCHEZ, Defendant-Appellant.
 Nos. 91-1188, 91-1267.
 United States Court of Appeals, Tenth Circuit.
 April 22, 1992.
 
 1
 Before SEYMOUR and ANDERSON, Circuit Judges, and SAM,* District Judge.
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 DAVID SAM, District Judge.
 
 
 4
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cases are therefore ordered submitted without oral argument.
 
 
 5
 Pro se Defendant Julian Roger Sanchez appeals the district court's denial of his Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (No. 91-1188). In a companion appeal (No. 91-1267), Defendant appeals the district court's denial of his Motion for Time Delay to File a Motion under Rule 33.
 
 
 6
 In October 1988, law enforcement officers set up a surveillance after being informed by a confidential informant that Defendant was dealing drugs from a service station located in Adams County, Colorado. After observing Defendant provide a one-pound bag of marijuana to a buyer from a larger bag Defendant obtained in the service station, the officers arrested Defendant. Because Defendant had been coming and going from the service station at regular intervals, the officers feared that Defendant's absence from the service station would alert those persons inside and provide opportunity for them to destroy evidence. Therefore, the officers entered the station and arrested Stephen Moralez, Felipe Alamillo, and Ronald Pinelli, who were attempting to hide or to flee. Upon obtaining a search warrant, the officers conducted a full search of the premises where they seized an additional 195 pounds of marijuana.
 
 
 7
 On March 29, 1989, Defendant was found guilty by jury verdict on three counts charging (1) conspiracy to possess with intent to distribute 195 pounds of marijuana in violation of 21 U.S.C. § 846; (2) possession with the intent to distribute 195 pounds of marijuana, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; and (3) distribution of one pound of marijuana in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Defendant was sentenced to serve eighty-seven months on count I, eighty-seven months on count II, and sixty months on count III, to run concurrently. The sentencing court enhanced Defendant's offense by two levels for being an organizer and leader in the drug operation.
 
 
 8
 Defendant appealed his conviction claiming (1) the trial court erred in holding that he did not have standing to assert his Fourth Amendment claims in order to suppress evidence; (2) the trial court was incorrect in finding that there were exigent circumstances supporting a warrantless search; and (3) the trial court erred in failing to sever Defendant's trial from that of his codefendants. This court reversed the district court on the standing issue, holding that Defendant's control of the service station's premises was sufficient to give him standing to assert his Fourth Amendment claims, and affirmed the district court on the remaining issues. United States v. Sanchez, No. 89-1150 (10th Cir. June 11, 1990) (unpublished Order and Judgment).
 
 
 9
 In his collateral attack, Defendant states his issues as (1) ineffective assistance of counsel at trial, sentencing, and on appeal, and a denial of a hearing on this issue in violation of his Sixth Amendment rights; and (2) improper sentencing because of an inaccurate quantity of marijuana and an incorrect enhancement based on a determination that Defendant was an organizer and leader in the drug transactions charged. In appeal No. 91-1267, Defendant challenges the district court's denial of his Motion for Time Delay to File a Motion under Rule 33.
 
 
 10
 Following consolidation of these appeals, this court granted Defendant permission to file a supplemental brief in order to present additional claims.[1] In his Supplemental Brief, Defendant raises the following additional issues: (1) there was no probable cause for Defendant's arrest; (2) the government misrepresented information provided to the grand jury; (3) Defendant's due process rights were violated by the district court's failure to hold a competency hearing; (4) prosecutorial misconduct deprived Defendant of a fair trial; and (5) the court's failure to provide jury instructions reflecting Defendant's theory of the case, including precautionary instructions on certain evidence, constitutes plain error.
 
 
 11
 Defendant had a full and fair opportunity to challenge his conviction on direct appeal. He cannot use a § 2255 motion as a substitute for an appeal. See United States v. Frady, 456 U.S. 152, 165 (1982). A Motion to Vacate, Set Aside Or Correct Sentence under § 2255 must aver that a prisoner in custody under sentence of a federal court is entitled to relief because (1) " 'the sentence was imposed in violation of the Constitution or laws of the United States;' " (2) " 'the court was without jurisdiction to impose such sentence;' " (3) " 'the sentence was in excess of the maximum authorized by law;' " or (4) "the sentence 'is otherwise subject to collateral attack.' " Hill v. United States, 368 U.S. 424, 426-27 (1962) (quoting 28 U.S.C. § 2255).
 
 
 12
 "Once the defendant's chance to appeal has been waived or exhausted, ... we are entitled to presume he stands fairly and finally convicted, especially when, as here, he already has had a fair opportunity to present his federal claims to a federal forum." United States v. Frady, 456 U.S. at 164. However, such a failure does not result in per se preclusion of habeas relief. In order to obtain review of the trial errors Defendant complains of, he must satisfy the "cause" and "prejudice" standard of Wainwright v. Sykes, 433 U.S. 72 (1977). United States v. Frady, 456 U.S. at 167-68.
 
 
 13
 The Defendant attempts to litigate and relitigate various complaints regarding his trial under the guise of ineffective assistance of counsel. He claims that his counsel failed to pursue a defense which would have convinced the jury of Defendant's innocence and failed to properly object to the admission of damaging evidence and testimony.[2] Our scrutiny of the effectiveness of counsel must be "highly deferential." Strickland v. Washington, 466 U.S. 668, 689 (1984). We review the ultimate legal issues of Sixth Amendment claims de novo. Tapia v. Tansy, 926 F.2d 1554, 1557 (10th Cir.), cert. denied, 112 S.Ct. 115 (1991).
 
 
 14
 In deciding whether Defendant was denied effective assistance of counsel, we are guided by the Supreme Court's decision in Strickland, construed by this court in United States v. Rivera, 900 F.2d 1462, 1472-74 (10th Cir.1990). According to Strickland, in order to label counsel as ineffective, we must conclude that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland v. Washington, 466 U.S. at 686.
 
 
 15
 The Supreme Court adopted a two-part test to determine whether the Sixth Amendment has been violated. The defendant must show: (1) "that counsel's performance was deficient," and (2) "that the deficient performance prejudiced the defense." Id. at 687. Prejudice is shown by demonstrating that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Defendant bears the burden of proving both the deficiency and the prejudice prong of the Strickland standard. Kimmelman v. Morrison, 477 U.S. 365, 381 (1986). There is a very strong presumption that the strategic and tactical decisions of counsel were within the range of professional competency considered reasonable. Strickland v. Washington, 466 U.S. at 689.
 
 
 16
 The district court dismissed Defendant's claims, without a hearing, based on his failure to demonstrate both prongs of the Strickland test. We have assessed all of Defendant's claims of ineffectiveness of counsel in light of the record, and conclude that Defendant has failed to meet his burden of demonstrating that he suffered prejudice as a result of his counsel's performance. The record conclusively shows that Defendant is not entitled to habeas corpus relief, and no further evidentiary hearing is necessary. See 28 U.S.C. § 2255; see also Harris v. Allen, 929 F.2d 560, 562 (10th Cir.1991).
 
 
 17
 In his second appeal, Defendant challenges the district court's denial of his Motion for Time Delay to File a Motion under Rule 33. Under Fed.R.Crim.P. 33, a motion for a new trial based on any ground other than newly discovered evidence must be made within seven days of the verdict. A motion for new trial based on newly discovered evidence must be made "before or within two years after final judgment." Fed.R.Crim.P. 33. This time limit is jurisdictional. See United States v. Lara-Hernandez, 588 F.2d 272, 275 (9th Cir.1978) (per curiam). Defendant was convicted by jury verdict on March 29, 1989. His conviction was affirmed on appeal on June 11, 1990. On June 4, 1991, Defendant filed a Motion for Time Delay to File a Motion under Rule 33. The district court denied this request on July 10, 1991.
 
 
 18
 Defendant clearly did not file his motion, or his request for extension of time, within seven days of his guilty verdict. However, Defendant's motion, insofar as it may be based on newly discovered evidence, would have been timely.[3] We review the district court's denial of a motion for new trial for an abuse of discretion. United States v. Kelley, 929 F.2d 582, 586 (10th Cir.), cert. denied, 112 S.Ct. 341 (1991).
 
 
 19
 Defendant based his motion on his claim of ineffective assistance of counsel and on the court reporter's failure to transcribe portions of his sentencing hearing. In order to obtain new trial relief based on "newly discovered evidence," Defendant must show that (1) his failure to learn of the evidence at the time of trial was not due to a lack of diligence; (2) the evidence is not merely cumulative or impeaching; and (3) the evidence is of such nature that in all likelihood it would produce a different verdict on retrial. United States v. Palmer, 766 F.2d 1441, 1446 (10th Cir.1985) (citing United States v. Plum, 558 F.2d 568, 576 (10th Cir.1977)); see also United States v. West, 672 F.2d 796, 799-800 (10th Cir.) ("newly discovered evidence" must be more than impeaching and must contain likelihood of producing acquittal), cert. denied, 457 U.S. 1133 (1982).
 
 
 20
 In our recent decision in United States v. Haddock, No. 91-3075, 1992 WL 26040 (10th Cir. Feb. 14, 1992), we reiterated our concurrence with a majority of circuits holding that " '[i]neffective assistance of counsel may not serve as the basis for a motion for a new trial on the ground of newly discovered evidence under Rule 33 where the facts alleged in support of the motion were within the defendant's knowledge at the time of trial.' " Id., slip op. at 17 (quoting United States v. Miller, 869 F.2d 1418, 1421 (10th Cir.1989)). Even if we were to confer merit on Defendant's claims of ineffectiveness, we can extract no claim which would not have been within Defendant's knowledge at the time of trial.
 
 
 21
 We agree with the district court that Defendant's assertion that he should be afforded a new trial because of his claim that the court reporter failed to properly prepare a transcript of his sentencing hearing does not constitute newly discovered evidence. The production of a sentencing hearing transcript would have no bearing on Defendant's guilt or innocence and is not likely to change the outcome of the verdict. Therefore, Defendant's Motion for Time Delay to File A Motion under Rule 33 was properly denied.
 
 
 22
 Being ever cognizant that a pro se pleading is entitled to liberal construction, Haines v. Kerner, 404 U.S. 519, 520 (1972), Defendant's statements of conclusions, beliefs, and opinions in support of his motion are insufficient to demonstrate prejudice. Therefore, we affirm the district court's determinations that Defendant's counsel provided an adequate and competent defense; that an evidentiary hearing is unnecessary; and, that the Defendant's Motion for Time Delay to File Motion under Rule 33 was properly denied.
 
 
 23
 In addition, this court has reviewed Defendant's "Motion for Summary Judgment" filed March 23, 1992, and his "Motion to Preserve Right to File a Second Title 28 U.S.C. 2255 Motion for the Record Only" filed March 19, 1992. It is our determination that both of these pleadings are frivolous and without merit. Therefore, both motions are denied.
 
 
 24
 The judgments of the United States District Court for the District of Colorado are AFFIRMED.
 
 
 
 *
 Honorable David Sam, District Judge, United States District Court for the District of Utah, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The government declined to avail itself of the opportunity to respond to Defendant's Supplemental Brief
 
 
 [2]
 Defendant alleges his trial counsel had a substance abuse problem which affected his representation of Defendant. However, Defendant offers no evidence in support of this allegation
 
 
 [3]
 For purposes of Rule 33, final judgment occurs when the appellate process is terminated. Casias v. United States, 337 F.2d 354, 356 (10th Cir.1964); United States v. Cook, 705 F.2d 350, 351 (9th Cir.1983)