978 F.2d 716
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Anthony COZZETTI, Defendant-Appellant.
 No. 90-10489.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 22, 1992.*
Decided Oct. 27, 1992.
 
 Before BEEZER, CYNTHIA HOLCOMB HALL and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Anthony Cozzetti appeals pro se the district court's summary denial of both his Fed.R.Crim.P. 33 motion for a new trial and his subsequent motion for reconsideration. Cozzetti contends the district court abused its discretion by failing to grant his motion for a new trial because new evidence demonstrated that his conviction was the result of prosecutorial misconduct. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 Although we generally review for an abuse of discretion the denial of a motion for a new trial, the determination of a district court's jurisdiction to consider a motion for a new trial is a question of law reviewed de novo. United States v. Walgren, 885 F.2d 1417, 1426 (9th Cir.1989).
 
 
 4
 Fed.R.Crim.P. 33 provides that a motion for a new trial:
 
 
 5
 based on the ground of newly discovered evidence may be made only before or within two years after final judgment.... A motion for a new trial based on any other grounds shall be made within 7 days after verdict or finding of guilty or within such further time as the court may fix during the 7-day period.
 
 
 6
 "Because Rule 33's time limitations are jurisdictional, a district court is powerless to consider an untimely motion for a new trial." Walgren, 885 F.2d at 1426 (quoting United States v. Cook, 705 F.2d 350, 351 (9th Cir.1983)). "Final judgment" for purposes of Rule 33 is the date on which the appellate court issues its mandate of affirmance. Cook, 705 F.2d at 351.
 
 
 7
 Here, following a jury trial in February 1970, Cozzetti was convicted of conspiring to travel in interstate commerce and to use the facilities of interstate commerce for the purpose of carrying on a business enterprise involving prostitution, in violation of 18 U.S.C. §§ 2 and 1952, and transporting a person in interstate commerce for the purpose of prostitution, in violation of 18 U.S.C. § 2421. Sentencing took place on April 10, 1970. We affirmed the conviction on direct appeal on April 6, 1971, see United States v. Cozzetti, 441 F.2d 344, 353 (9th Cir.1971), and the mandate issued on June 25, 1971. Cozzetti filed the instant motion for a new trial on July 26, 1990 and the motion for reconsideration on September 24, 1990.
 
 
 8
 Even if we assume that Cozzetti's alleged newly discovered evidence was in fact newly discovered, his motion for a new trial was filed almost 17 years too late. Although the district court apparently denied on the merits the motion for a new trial, we affirm because the district court did not have jurisdiction to consider the untimely motion for a new trial. See Cook, 705 F.2d at 351; see also Kruso v. International Tel. and Tel., 872 F.2d 1416, 1421 (9th Cir.1989) (court of appeals may affirm decision of district court "on any ground finding support in the record"), cert. denied, 496 U.S. 937 (1990).
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3