**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**James ROBINSON, Defendant–
Appellant.**

**No. 00–10038.
D.C. No. CR–95–00058–PMP.**

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 12, 2001 [1].

Decided Feb. 22, 2001.

1. The panel unanimously finds this case suitable for decision without oral argument. *See*     Fed. R.App. P. 34(a)(2).

Before LEAVY, THOMAS and RAWLINSON, Circuit Judges.

## MEMORANDUM [2]

Following a jury trial, federal prisoner James Robinson was convicted of unlawful use of a communication facility in violation of 21 U.S.C. § 843(b), and attempting to possess cocaine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1), 846. We affirmed Robinson's conviction in a prior appeal, *United States v. Robinson*, No. 96–10261, 125 F.3d 860 (9th Cir.1997) (table). Robinson now appeals pro se the district court's denial of his motion for a new trial under Federal Rule of Criminal Procedure Rule 33 based on newly discovered evidence. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Federal Rule of Criminal Procedure 33 mandates, in pertinent part, that "a motion for new trial based on newly discovered evidence may be made only within three years after the verdict or finding of guilty." FED. R. CIV. P. 33 (2000). Robinson filed his motion for a new trial on July 2, 1999, almost four years after the jury verdict entered on August 1, 1995. The district court "having no power to

consider [Robinson's] untimely motion for a new trial, correctly denied the motion." *United States v. Cook*, 705 F.2d 350, 351 (9th Cir.1983).

AFFIRMED.[3]

---

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

3. To the extent that the notice of appeal can be construed as a request for authorization to

file a second or successive 2255 motion in the district court, the request is denied. 28 U.S.C. § 2255.

