**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Juan Ramon MATTA–BALLESTEROS,
aka El Negro; aka El Colombiano;**

1. All other outstanding motions are denied as moot.

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**aka Jose Negro, Defendant–Appellant.**

**No. 00–50339.**

**D.C. No. CR–87–00422–ER–17.**

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 15, 2001.\*

Decided Oct. 23, 2001.

Before REINHARDT, GRABER and BERZON, Circuit Judges.

MEMORANDUM \*\*

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

Juan Ramon Matta–Ballesteros appeals pro se the denial of his motion for reconsideration of his new-trial motion, pursuant to Fed.R.Crim.P. 33, following a conviction for his role in the kidnaping and murder of DEA Special Agent Enrique Camarena. We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.

Matta–Ballesteros contends the district court erred by denying as time barred his motion for reconsideration of his new-trial motion. We review de novo the district court's determination whether a new-trial motion under Fed.R.Crim.P. 33 was untimely. *See United States v. Cook,* 705 F.2d 350, 351 (9th Cir.1983). Rule 33's time limitations are jurisdictional. *See id.*

A motion for reconsideration is timely if filed within the period to seek appellate review. *See United States v. Jones,* 608 F.2d 386, 390 (9th Cir.1979). The time to file a notice of appeal in a criminal case is 10 days. *See* Fed. R.App. P. 4(b)(1)(A)(I). The district court denied Matta–Ballesteros' new-trial motion on January 15, 1999. Matta–Ballesteros' April 26, 2000 motion for reconsideration therefore was untimely.

Moreover, even if the April 26, 2000 motion was a second Rule 33 motion, it was still untimely. *See Cook,* 705 F.2d at 351; Fed.R.Crim.P. 33. Therefore, the district court properly dismissed Matta–Ballesteros' second new-trial motion for lack of jurisdiction.[1]

**AFFIRMED.**

---

1. *See United States v. Matta–Ballesteros,* No. 99–50054, 2000 WL 297328 (9th Cir. Mar. 21, 2000) (mem.).

Because we affirm this appeal on the jurisdictional ground, we need not consider any pending motions.

