**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

BRIAN KEITH WOODS,
            *Defendant-Appellant.*

No. 03-10313

D.C. No.
CR-97-00291-LDG

OPINION

Appeal from the United States District Court
for the District of Nevada
Lloyd D. George, District Judge, Presiding

Argued and Submitted
August 12, 2004—San Francisco, California

Filed March 4, 2005

Before: Harry Pregerson and Alex Kozinski, Circuit Judges,
and John S. Rhoades, Sr.,* District Judge.

Opinion by Judge Pregerson

---

*Honorable John S. Rhoades, Sr., Senior United States District Judge
for the Southern District of California, sitting by designation.

## COUNSEL

Karyn Kerry (argued), Assistant United States Attorney, Thomas S. Dougherty (briefed), Assistant United States Attorney, Las Vegas, Nevada, for the plaintiff-appellant.

Chad Bowers (argued), Norman J. Reed (briefed), Las Vegas, Nevada, for defendant-appellant.

## OPINION

PREGERSON, Circuit Judge:

Defendant-Appellant Brian Keith Woods appeals the district court's denial of his motion for a new trial based on newly discovered evidence as untimely under an amended version of Fed. R. Crim. P. 33. Woods contends that: (1) retroactively applying the filing requirements of the amended Rule 33 violates the *Ex Post Facto* Clause; and (2) the district court erred by applying amended Rule 33, instead of the version of the Rule that was in effect when he was convicted, to determine whether his motion was untimely.

We have jurisdiction under 28 U.S.C. § 1291, and we reverse.

## I.  FACTS

On July 9, 1998, following a three-day trial, a jury found Woods guilty of armed bank robbery in violation of 18 U.S.C. § 2113(a), (d), use of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c), conspiracy in violation of 18 U.S.C. § 371, and aiding and abetting in violation of 18 U.S.C. § 2. Woods appealed his conviction, and we affirmed by a memorandum disposition. *See United States v. Woods*, 2000 WL 1359616 (9th Cir. Sept. 20, 2000) (mem.). Our mandate issued on December 13, 2000.

On September 21, 2001, Woods filed a *pro se* motion for a new trial based on newly discovered evidence, under Federal Rule of Criminal Procedure 33.[1] The timeliness of Woods's motion for a new trial depended on whether the district court applied the filing requirements of the earlier version of Rule 33, in effect when the jury returned its guilty verdict, or of the amended version of Rule 33, in effect when Woods filed his motion.

Specifically, when the jury returned its guilty verdict in July 1998, Rule 33 required a defendant to file a motion for a new trial based on newly discovered evidence within two years of "final judgment."[2] For purposes of this earlier version

---

[1]The order denying Woods's motion for a new trial states that the motion was filed on September 12, 2001. The district court docket, however, lists the motion as filed on September 21, 2001. The difference is immaterial to our analysis.

[2]The earlier version of Rule 33 read as follows:

> The court on motion of a defendant may grant a new trial to that defendant if required in the interest of justice. If trial was by the court without a jury the court on motion of a defendant for a new trial may vacate the judgment if entered, take additional testimony and direct the entry of a new judgment. *A motion for a new trial based on the ground of newly discovered evidence may be made only before or within two years after final judgment*, but if

of Rule 33, "final judgment" was the date on which the appellate court issued its mandate of affirmance. *See United States v. Cook*, 705 F.2d 350, 351 (9th Cir. 1983). Thus, under the earlier Rule 33, Woods needed to file his motion for a new trial within two years of our mandate on December 13, 2000 —which he did.

But on December 1, 1998—after the jury returned its guilty verdict in July 1998, but before Woods filed his motion in September 2001—an amended Rule 33 became effective. The amended Rule 33 requires a defendant to file a motion for a new trial based on newly discovered evidence within three years "after the verdict or finding of guilty."[3] Thus, Woods's motion for a new trial was untimely under the amended Rule because it was filed more than three years after the jury's July 1998 verdict.

---

an appeal is pending the court may grant the motion only on remand of the case. A motion for a new trial based on any other grounds shall be made within 7 days after verdict or finding of guilty or within such further time as the court may fix during the 7-day period.

Fed. R. Crim. P. 33 (1987) (emphasis added).

[3]The amended Rule 33 states:

On a defendant's motion, the court may grant a new trial to that defendant if the interests of justice so require. If trial was by the court without a jury, the court may — on defendant's motion for new trial — vacate the judgment, take additional testimony, and direct the entry of a new judgment. *A motion for new trial based on newly discovered evidence may be made only within three years after the verdict or finding of guilty.* But if an appeal is pending, the court may grant the motion only on remand of the case. A motion for a new trial based on any other grounds may be made only within 7 days after the verdict or finding of guilty or within such further time as the court may fix during the 7-day period.

Fed. R. Crim. P. 33 (1998) (emphasis added).

Applying the amended Rule 33, the district court denied Woods's motion for a new trial as untimely. The district court also concluded that it lacked jurisdiction to address the merits of the motion because the motion was untimely. *See Cook*, 705 F.2d at 351 (noting that "[b]ecause Rule 33's time limitations are jurisdictional, a district court is powerless to consider an untimely motion for a new trial"). We must now determine whether the district court's retroactive application of amended Rule 33 was erroneous.

## II.   ANALYSIS

### A.   Applying the Amended Rule 33 Retroactively Does Not Violate the *Ex Post Facto* Clause

[1] Article I of the Constitution prohibits Congress from passing any "ex post facto Law." *See* Art. I, § 9, cl. 3. This case is one of first impression where we are asked to determine whether applying the amended Rule 33 retroactively violates the *Ex Post Facto* Clause of the Constitution. The only two Circuits to have considered this issue both held that retroactive application of the amended Rule 33 is not an *ex post facto* violation. *See United States v. Correa*, 362 F.3d 1306, 1309 (11th Cir. 2004); *United States v. Ristovski*, 312 F.3d 206, 209-13 (6th Cir. 2002).

We join the Sixth and Eleventh Circuits and hold that retroactive application of amended Rule 33 is not an *ex post facto* violation. The amendment to Rule 33 is a procedural change that does not affect a substantial right. In short, "[e]ven though it may work to the disadvantage of a defendant, a procedural change is not *ex post facto*." *Dobbert v. Florida*, 432 U.S. 282, 293 (1977).

Woods claims that the district court violated the *Ex Post Facto* Clause by retrospectively applying the amended version of Rule 33 to deny his motion for a new trial. Woods's armed bank robbery and related offenses were committed in

November 1997. He was convicted of these crimes in July 1998. Although the amended Rule 33 became effective in December 1998, the district court applied it to "events occurring before its enactment." *Miller v. Florida*, 482 U.S. 423, 430 (1987). This application was clearly retrospective.

But retrospective application alone does not violate the *Ex Post Facto* Clause. "[N]o *ex post facto* violation occurs if a change does not alter 'substantial personal rights,' but merely changes 'modes of procedure which do not affect matters of substance.' " *Id.* (quoting *Dobbert*, 432 U.S. at 293). Woods argues that the district court affected a substantial personal right by applying the amended Rule 33 (which required his motion to be filed "within three years after the verdict") instead of the earlier Rule (which required his motion to be filed "within two years after final judgment"). We disagree.

**[2]** Generally, if a change in criminal law does "not increase the punishment nor change the ingredients of the offense or the ultimate facts necessary to establish guilt," the change is procedural and therefore does not affect a substantial right. *Weaver v. Graham*, 450 U.S. 24, 31 n.12 (1981) (quoting *Hopt v. Utah*, 110 U.S. 574, 590 (1884) (internal quotation marks omitted)); *see also Miller*, 482 U.S. at 433-35; *Dobbert*, 432 U.S. at 293-94; *Hopt*, 110 U.S. at 589. We conclude that the amendment to Rule 33 was merely a procedural change. It did not affect Woods's substantial rights because the amendment neither increased his punishment nor altered the elements of the crimes or the ultimate facts necessary to establish his guilt. Thus, we hold that applying the amended Rule 33 retroactively does not violate the *Ex Post Facto* Clause of the United States Constitution.

## B.   The District Court Failed To Determine Whether Retroactive Application of the Amended Rule 33 Was "Just and Practicable"

The order from the Supreme Court to Congress that accompanied the December 1998 amendments to the Federal Rules

of Criminal Procedure stated: "That the foregoing amendments to the Federal Rules of Criminal Procedure shall take effect on December 1, 1998, and shall govern all proceedings in criminal cases thereafter commenced and, *insofar as just and practicable, all proceedings in criminal cases then pending*." Order of the United States Supreme Court Adopting and Amending the Federal Rules of Criminal Procedure, 523 U.S. 1229 (Apr. 24, 1998) (emphasis added). This language is not unique—it has been submitted by the Supreme Court with nearly all amendments to the Federal Rules of Criminal Procedure—and indicates the intent that the rules be applied to pending cases only if such application would be "just and practicable."

**[3]** Even though applying the amended Rule 33 retroactively does not violate the *Ex Post Facto* Clause, a district court must still determine whether such application to pending criminal cases is just and practicable. The district court retroactively applied the amended Rule 33 to determine that Woods's motion for a new trial was untimely without analyzing whether this retroactive application was just and practicable. We must therefore reverse.

Recently, we reviewed a district court's decision to apply the earlier Rule 33 and assume jurisdiction over a motion for a new trial based on newly discovered evidence. *See United States v. Ross*, 372 F.3d 1097, 1105-06 & n.6 (9th Cir. 2004). In *Ross*, the defendant's motion for a new trial, like Woods's, would have been untimely if amended Rule 33's filing requirements were applied.[4]

---

[4]The jury in *Ross* reached its verdict in March 1996. Ross filed his motion for a new trial in July 1999. If the district court had applied the amended Rule, Ross's motion would have been barred because it was filed more than three years after the jury's verdict. Rather, the court applied the earlier Rule 33, which allowed Ross two years from final judgment in September 1998 to file his motion.

We did not directly address whether the retroactive application of the amended Rule 33 was just and practicable in *Ross*. Instead, we held that the district court did not abuse its discretion in deciding it was not just and practicable to apply the amended Rule 33 retroactively. *Ross*, 372 F.3d at 1106 n.6 (finding "no authority to suggest that the district court's interpretation of 'just and practicable' was an abuse of discretion").

**[4]** Consistent with this approach, we remand to provide the district court with the opportunity to determine whether the retroactive application of the amended Rule is just and practicable in this case.

## III. CONCLUSION

We hold that the retroactive application of amended Rule 33 does not violate the *Ex Post Facto* Clause. Nevertheless, the district court failed to determine whether application of the amended Rule 33 to Woods's motion would be "just and practicable." Accordingly, we **REVERSE** the district court's order denying Woods's motion for a new trial and **REMAND** for further proceedings.