ROGERS *v.* UNITED STATES

No. 96–1279.   Argued November 5, 1997—Decided January 14, 1998

STEVENS, J., announced the decision of the Court and delivered an opinion, in which THOMAS, GINSBURG, and BREYER, JJ., joined. O'CONNOR, J., filed an opinion concurring in the result, in which SCALIA, J., joined, *post*, p. 259. KENNEDY, J., filed a dissenting opinion, in which REHNQUIST, C. J., and SOUTER, J., joined, *post*, p. 260.

*Javier H. Rubinstein* argued the cause for petitioner. With him on the briefs were *James D. Holzhauer, Robert M. Dow, Jr., Gary S. Feinerman,* and *Richard C. Klugh.*

*Jonathan E. Nuechterlein* argued the cause for the United States. With him on the brief were *Acting Solicitor General Waxman, Acting Assistant Attorney General Keeney, Deputy Solicitor General Dreeben,* and *Louis M. Fischer.*

JUSTICE STEVENS announced the decision of the Court and delivered an opinion, in which JUSTICE THOMAS, JUSTICE GINSBURG, and JUSTICE BREYER join.

We granted certiorari, 520 U. S. 1239 (1997), to decide whether a district court's failure to instruct the jury on an element of an offense is harmless error where, at trial, the defendant admitted that element. Because we have concluded that the question is not fairly presented by the record, we dismiss the writ as improvidently granted.

## I

Petitioner was charged with the knowing possession of an unregistered and unserialized firearm described as "a 9" by 1¾" silencer," App. 6–7, in violation of 26 U. S. C. §§ 5861(d) and (i).[1] Although he claimed that he did not know that the item was in a canvas bag found behind the driver's seat in his pickup truck when he was arrested, he candidly acknowledged that he knew it was a silencer. He repeated this admission during questioning by the police and in his testimony at trial; moreover, it was confirmed by his lawyer during argument to the jury.

Under our decision in *Staples* v. *United States*, 511 U. S. 600 (1994), the *mens rea* element of a violation of § 5861(d) requires the Government to prove that the defendant knew that the item he possessed had the characteristics that brought it within the statutory definition of a firearm.[2] It

---

[1] Section 5861 provides that "[i]t shall be unlawful for any person . . . (d) to receive or possess a firearm which is not registered to him in the National Firearms Registration and Transfer Record; or . . . (i) to receive or possess a firearm which is not identified by a serial number as required by this chapter." Section 5845(a) provides that "[t]he term 'firearm' means . . . (7) any silencer (as defined in section 921 of title 18, United States Code).".

In a separate count petitioner was charged with the unlawful possession of a machinegun in violation of 18 U. S. C. § 922(o). His conviction on that count was reversed on appeal after the Government conceded that the evidence did not establish that petitioner knew that the gun had been modified to act as a fully automatic weapon. 94 F. 3d 1519, 1523 (CA11 1996). Reversal was therefore required under *Staples* v. *United States*, 511 U. S. 600 (1994), which was decided after the trial in this case.

[2] See *id.*, at 602 (Government must prove that defendant "knew the weapon he possessed had the characteristics that brought it within the statutory definition of a machinegun"); *id.*, at 604 ("[Section] 5861(d) requires proof that a defendant knew of the characteristics of his weapon that made it a 'firearm' under the Act"); *id.*, at 609 ("[Section] 5861(d) requires the defendant to know of the features that make his weapon a statutory 'firearm'"); *id.*, at 619 ("Thus, to obtain a conviction, the Government should have been required to prove that petitioner knew of the features of his AR–15 that brought it within the scope of the Act"); *id.*, at

is not, however, necessary to prove that the defendant knew that his possession was unlawful, or that the firearm was unregistered. *United States* v. *Freed,* 401 U. S. 601 (1971); see *Staples,* 511 U. S., at 609. Thus, in this case, petitioner's admission that he knew the item was a silencer constituted evidence sufficient to satisfy the *mens rea* element of the charged offenses. He nevertheless submits that his conviction is unconstitutional because, without an instruction from the trial judge defining that element of the offense, there has been no finding by the jury that each of the elements of the offense has been proved beyond a reasonable doubt. Relying on JUSTICE SCALIA's opinion concurring in the judgment in *Carella* v. *California,* 491 U. S. 263, 267 (1989) *(per curiam),* petitioner contends that "'"the question is not whether guilt may be spelt out of a record, but whether guilt has been found by a jury according to the procedure and standards appropriate for criminal trials."'" Brief for Petitioner 20–21 (quoting *Carella,* 491 U. S., at 269 (in turn quoting *Bollenbach* v. *United States,* 326 U. S. 607, 614 (1946))).

The Court of Appeals for the Eleventh Circuit rejected petitioner's argument and affirmed his conviction. 94 F. 3d 1519 (1996). The Court of Appeals reasoned that the failure to give an instruction on an element of the offense can be harmless error if the "omission related to an element of the crime that the defendant in any case admitted,"[3] and that in this case petitioner's unequivocal and repeated admissions made it clear that the error was harmless beyond a reasonable doubt. In view of the fact that petitioner's submission relies on the Due Process Clause of the Fifth Amendment

---

620 (Congress did not intend "to make outlaws of gun owners who were wholly ignorant of the offending characteristics of their weapons").

[3] 94 F. 3d, at 1526. The court also suggested that an instructional omission could be harmless if "the jury has necessarily found certain other predicate facts that are so closely related to the omitted element that no rational jury could find those facts without also finding the element." *Ibid.*

and the Sixth Amendment right to a jury trial, as inter-
preted in cases like *In re Winship,* 397 U. S. 358 (1970), and
*Sullivan* v. *Louisiana,* 508 U. S. 275 (1993), it is clear that
the Court of Appeals decided an important constitutional
question.   Given our tradition of avoiding the unnecessary
or premature adjudication of such questions, see, *e. g., New
York City Transit Authority* v. *Beazer,* 440 U. S. 568, 582–
583 (1979), we first consider whether the trial judge failed
to give the jury an adequate instruction on the *mens rea*
element of the offense.

## II

Count 2 of the indictment charged that petitioner "know-
ingly" possessed an unregistered firearm, and Count 3
charged that he "knowingly" possessed a firearm that was
not properly identified by a serial number.   The trial judge
denied petitioner's request for an instruction that defined the
Government's burden of establishing " 'knowing possession' "
as proof that "the defendant willfully and consciously pos-
sessed items which he knew to be 'firearms.' "   App. 12.
Apparently assuming that our holding in *Staples* required
such an instruction, the Court of Appeals concluded that the
trial judge's denial "effectively omitted from the instructions
an essential element of the crime charged under § 5861(d)."
94 F. 3d, at 1524.   For two reasons, we believe this assump-
tion was unwarranted.

First, the tendered instruction was ambiguous.   It might
have been interpreted to require proof that the defendant
knew that his silencer was a "firearm" as defined by the fed-
eral statute, not merely that the item possessed certain of-
fending characteristics.   Second, and of greater importance,
a fair reading of the instructions as actually given did re-
quire the jury to find that petitioner knew that he possessed
a silencer.

In his objections to the instruction that the trial judge
originally proposed as a definition of the § 5861(d) offense

charged in Count 2, petitioner complained of "a third essential element in there, that being knowledge or knowing." App. 78. In response, the trial judge inserted the word "knowingly" between the words "Defendant" and "possessed" in the instruction defining the necessary *mens rea*.[4] In instructing the jury, the judge first explained that the statute defined the term "firearm" to include a silencer. He then instructed the jury that the defendant could not be found guilty without proof beyond a reasonable doubt that "the Defendant knowingly possessed a 'firearm,' as defined above." *Id.*, at 104. Since the term "firearm" had been "defined above" to include a silencer, that instruction required the jury to determine that the defendant knew that the item he possessed was a silencer.[5] A comparable instruction was given on Count 3.[6]

---

[4] "THE COURT: You want me to insert knowingly between defendant and possessed in the first element, I don't care.

"MR. SALANTRIE: Sure. That would work.

"THE COURT: Okay." App. 78–79.

[5] JUSTICE KENNEDY argues that our "novel reading of the instruction," *post*, at 261, differs from the interpretation of the trial judge and petitioner's counsel. He is incorrect. First, as we point out, n. 4, *supra*, the judge responded to the defense counsel's objection to the proposed instruction by inserting "knowingly."

Second, the "colloquy," *post*, at 260, between the defense counsel and the trial court concerning the instruction in fact supports our interpretation. A "fair reading of the record," *ibid.*, reveals the following:

The defense counsel begins his objection to the instruction by arguing that the Government must prove that the defendant knew that the law required registration of the silencer. App. 84. After some discussion, the defense counsel, by referencing the holding in *United States* v. *Anderson*, 885 F. 2d 1248 (CA5 1989) (en banc), shifts his argument to contend that the defendant had to have knowledge of the offending characteristics of the firearm. App. 86. The trial judge responds to this objection as follows:

"THE COURT: If you'll just read the last sentence [of the instruction] *you're adequately protected, sir.*

"MR. SALANTRIE: It seems the first sentence and the second sentence are mutually exclusive. *One says it's not required for him to have*

*[Footnote 6 is on p. 258]*

Petitioner also has called our attention to the instruction which told the jury that it was not necessary for the Government to prove that petitioner knew that the item "was a 'firearm' which the law requires to be registered." *Ibid.* Given the fact that the jurors had previously been told that a conviction requires that they find that petitioner knew the item was a silencer, this instruction is best read as merely explaining that a conviction did not require the jury to find that the defendant knew that the law required registration of the silencer. Under our decision in *Freed*, the Government was entitled to such an instruction.

We assume that the trial judge would have been more explicit in explaining the *mens rea* element of these offenses if *Staples* had been decided prior to submitting the case to the jury. However, in this case, we are satisfied that the instructions as given did inform the jurors that they must find that the defendant knew that the silencer was in fact a si-

---

*knowledge that it's a firearm. The second says it is.* It has firearm in quotes.

. . . . .

"THE COURT: Your client has gotten on the stand and testified that he knew instantly that that silencer was a silencer . . . . We could take that sentence out of there.

"MR. SALANTRIE: He didn't say he knew it should be registered." *Id.*, at 87 (emphasis added).

Thus, the trial judge explicitly interpreted the instruction as satisfying the defense counsel's objection concerning the requirement that the defendant have knowledge of the offending characteristics of the firearm. The defense counsel, whose objection continually shifted between arguing that the defendant must know the offending characteristics of the firearm and that the defendant must know that the law requires the firearm to be registered, also agreed that the instruction "required for him to have knowledge that it's a firearm." *Ibid.* Ultimately, he merely argued that "the first sentence"—pertaining to knowledge of the registration requirement—was inconsistent with the requirement that the jury find that the defendant have knowledge of the offending characteristics of the firearm. *Ibid.*

[6] *Id.*, at 105. In a footnote, the Court of Appeals noted that although the reasoning in *Staples* only involved § 5861(d), it logically applied equally to § 5861(i). 94 F. 3d, at 1524, n. 8.

lencer.[7]  We therefore conclude that the record does not fairly present the question that we granted certiorari to address.   Accordingly, the writ is dismissed as improvidently granted.

*It is so ordered.*

JUSTICE O'CONNOR, with whom JUSTICE SCALIA joins, concurring in the result.

As the plurality points out, we granted certiorari to address an important issue of constitutional law, and we ought not to decide the question if it has not been cleanly presented.   In my view, it is sufficient to dismiss the writ that the instructions tendered by the District Court were ambiguous on whether the jury was asked to find, as is required by *Staples* v. *United States,* 511 U. S. 600 (1994), that petitioner "knew that the item he possessed was a silencer," *ante,* at 257.   As a result, it is at least unclear whether the question we intended to address in this case—whether a district court's failure to instruct the jury on an element of an offense is harmless error where, at trial, the defendant admitted that element—is squarely presented.   For that reason, I concur in the dismissal of the writ as improvidently granted.   I share the plurality's concern, *ante* this page, n. 7, that trial courts should structure their instructions in cases implicating *Staples* in a way that prevents the possible interpretation identified by JUSTICE KENNEDY in his dissent.

---

[7] Of course, if the instruction merely required the jury to find that the defendant knowingly possessed a canvas bag, or knowingly possessed a dangerous item that might not have had the characteristics of a silencer, it would not have complied with *Staples.*   Our disposition is based on our view that the instruction required the jury to find that the defendant knew that he possessed a device having all the characteristics of a silencer.   It would be wise for trial courts to explain the *Staples* requirement more carefully than the instruction used in this case to foreclose any possibility that jurors might interpret the instruction as JUSTICE KENNEDY does in his dissent.

JUSTICE KENNEDY, with whom THE CHIEF JUSTICE and JUSTICE SOUTER join, dissenting.

The case was submitted to a jury prior to our decision in *Staples* v. *United States*, 511 U. S. 600 (1994), and there was a colloquy between defense counsel and the trial court about whether the Government was required to show the defendant knew the object was a silencer. See, *e.g.*, App. 84–87. A fair reading of the record indicates that, consistent with then-governing Eleventh Circuit precedent, see 94 F. 3d 1519, 1523, n. 7 (1996), the trial court ruled this knowledge was not a necessary part of the Government's case.

Under the trial court's instructions, the defendant could be found guilty if he "knowingly possessed a 'firearm,' as defined above." App. 104. The word "knowingly" in the instruction modifies the word which follows it, viz., "possessed," rather than the instruction's further reference to the statutory definition of "firearm." Although in other circumstances one might argue the instruction was ambiguous, here the trial court agreed with the defendant's understanding of it. The trial court explained to the jury: "What must be proved beyond a reasonable doubt is that the Defendant knowingly possessed the item as charged, that such item was a 'firearm' as defined above, and that [it] was not then registered to the Defendant in the National Firearms Registration and Transfer Record." *Ibid.* As understood by the trial court, *ibid.*, petitioner's counsel, Brief for Petitioner 2, the Solicitor General, Brief for United States 12, and the Court of Appeals, 94 F. 3d, at 1523, the instruction told the jury it had to find the defendant knew he possessed the device in question but not that he knew it was a silencer.

The plurality proceeds, however, to find not even that the instruction was ambiguous, but that it was a satisfactory implementation of our later announced decision in *Staples.* And, though the Court in the end does nothing more than order the case dismissed, the plurality by its extensive discussion suggests, in effect, that all convictions based on this

form of instruction must be affirmed. This is a substantive point; it was neither briefed nor argued; it is contrary to a commonsense reading of the instruction; and it tends to diminish the force of *Staples* itself.

If the plurality wishes to persist in its interpretation of the instruction, it ought to issue a full opinion addressing the merits of the conviction, rather than mask a substantive determination in its opinion supporting dismissal. As things stand, it brings little credit to us to get rid of the case by a strained and novel reading of the instruction—a reading quite unsupportable on the record—after we granted certiorari and expended the Court's resources to determine a different and important issue of substantive criminal law. The petitioner, whose conviction now stands based on what is for practical purposes an affirmance on a theory no one has suggested until now, will be hard put to understand the plurality's cavalier refusal to address his substantive arguments.

I dissent from the order dismissing the case.