CARNES, Circuit Judge,
concurring specially:
I join all of the Court’s well written and persuasive opinion in this case, except the part about whether a franchisor seeking to have a franchisee enjoined from continuing to use a trademark under a now terminated agreement must show that its termination of the agreement was proper. Resolution of that issue of first impression in this circuit is not necessary to the disposition of this appeal. As the Court holds, this franchisor has shown (or made a substantial showing, which is the applicable standard at this stage) that it was within its rights to terminate the agreement. Given that holding, it matters not at all to the disposition of this appeal whether a franchisor must show proper termination in order to be entitled to stop the franchisee’s continuing use of a trademark, i.e., we need not decide what we might have done if the termination had been improper. Accordingly, all of the Court’s comments about that issue are dicta. See, e.g., United States v. Eggersdorf 126 F.3d 1318, 1322 n. 4 (11th Cir.1997); United States v. Maza, 983 F.2d 1004, 1008 n. 8 (11th Cir.1993).
Dicta has its place and serves some purposes. See, e.g., Combs v. Plantation Patterns, 106 F.3d 1519, 1524, 1527, 1532-38 (11th Cir.1997) (using dicta in an attempt to clarify confusion caused by dicta in another *1315 opinion, but leaving it up to the reader to decide if the attempt was successful), cert. denied, — U.S. -, 118 S.Ct. 685, 139 L.Ed.2d 632 (1998). Somewhat like statements in a law review article written by a judge, or a judge’s comments in a lecture, dicta can be used as a vehicle for offering to the bench and bar that judge’s views on an issue, for whatever those views are worth. The persuasiveness of the rationale given can increase the weight accorded those views, but the fact that the views are formed and put forward in a context of a case in which they do not matter will always subtract from the weight given them.
It is the nature of judges, like most human beings, to be more cautious, deliberative, and judicious — characteristics that should be brought to bear in deciding important issues — when what they say makes a difference to someone before them. It is one thing to offer a view on an abstract or hypothetical question, to put forward a speculative comment, but quite another to decide an issue that will affect the competing interests of the parties in an actual case before the court. Deciding real issues presented by real parties 'in real time focuses judicial decision making in ways that making speculative pronouncements about hypothetical questions cannot.
Views expressed in dicta are less reliable than those embodied in holdings for another reason. Unlike judicial holdings, dicta does not carry with it the added assurance of having survived what for the judiciary amounts to a kind of peer review. Dicta in a panel decision may be subject to comment, criticism, or disapproval by another member of that same panel, but it is effectively insulated from en banc or Supreme Court review. No matter how strongly other members of the Court are convinced that a panel’s dicta is wrong, any suggestion that the whole Court grant rehearing to correct it will be met, quite properly, with the response that it is only dicta, that the issue addressed is not actually presented, and so it would be an improper use of en bane resources to examine and comment upon it. See Fed. R.App. P. 35(a) (en bane rehearing is not favored and should not be ordered except when necessary for uniformity of decisions or when a question of exceptional importance is involved). Much the same is true of review by the Supreme Court, which grants certiorari only to review lower court holdings that are essential to the judgment in a case. See, e.g., Rogers v. United States, — U.S. -, 118 S.Ct. 673, 677, 139 L.Ed.2d 686 (1998) (dismissing as' improvidently granted a writ of certiorari because the issue upon which it was granted was not fairly presented by the record); Ticor Title Ins. Co. v. Brown, 511 U.S. 117, 121, 114 S.Ct. 1359, 1361-62, 128 L.Ed.2d 33 (1994) (dismissing writ as improvidently granted where “it is not clear that our resolution of the constitutional question will make any difference even to these litigants”).
For these reasons, among others, dicta inour opinions is not binding on anyone for any purpose. Because of considerations having to do with the first word in that court’s name, Supreme Court dicta may be a different matter insofar as “inferior courts” such as our own and the district courts are concerned. See, e.g., United States v. City of Hialeah, 140 F.3d 968, 974 (11th Cir.1998); Peterson v. BMI Refractories, 124 F.3d 1386, 1392 (11th Cir.1997) (“Dicta from the Supreme Court is not something to be lightly cast aside.”). But dicta in our opinions cannot establish either the law of the circuit, or even the law of the case. See, e.g., United States v. Dayton, 981 F.2d 1200, 1202 (11th Cir. 1993); Great Lakes Dredge & Dock Co. v. Tanker Robert Watt Miller, 957 F.2d 1575, 1578 (11th Cir.1992).
As the Court’s opinion in this ease points out, the two district courts in this circuit that have addressed (in published opinions) the issue in question have reached opposite conclusions concerning it. That might tempt us to express our views on the subject in order to “provide guidance,” but we cannot decide in this appeal which district court’s view is the correct one. We can decide nothing more than that which is necessary to decide this appeal. Moreover, that two district court judges have differed over the question establishes it is one which is sufficiently difficult to cause reasonable jurists to disagree, and that argues in favor of withholding our views until the issue is squarely presented in *1316 an appeal which depends upon resolution of the issue.
Whether to include in an opinion dicta on related but unnecessary issues is a matter within the sound discretion of each judge, to be exercised on a case by case basis, and I intend no criticism of my two colleagues in this instance. Instead, I have written separately to explain why I have chosen not to join them dicta.