[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 6, 2001
THOMAS K. KAHN
CLERK

No. 00-12587

D.C. Docket No. 99-00166-CR-1001-RV

UNITED STATES OF AMERICA

Plaintiff-Appellee,

versus

ANASTASIO MOORE

Defendant-Appellant.

Appeal from the United States District Court
Southern District of Alabama

**(June 6, 2001)**

Before DUBINA and KRAVITCH, Circuit Judges, and DUPLANTIER\*, District
Judge.

DUPLANTIER, District Judge:

Anastasio Moore appeals his conviction for one count of possession of a

silencer not registered in the National Firearms Registration and Transfer Record, in

---

\*Honorable Adrian G. Duplantier, U.S. District Judge for the Eastern District of Louisiana, sitting
by designation.

violation of 26 U.S.C. §5861(d). On appeal Moore asserts several alleged trial errors. Finding no merit in his claims, we affirm his conviction.

Pursuant to a warrant, local narcotics investigators searched the house where Anastasio Moore lived. While searching under a bundle of clothes in Moore's bedroom, Detective Gillis found and seized a long tubular object which he thought to be a silencer.

Because Moore was not present during the search, Detective Gillis left a copy of the search warrant and his card at the house. Later that same morning Moore spoke with Detective Gillis. After reading Moore his *Miranda*[1] rights, Detective Gillis asked him, among other things, "[w]hat's the deal with the silencer?" Moore stated that he bought "that old thing" from a pawn shop in Georgia for $150.00.

Several months later, Detective Gillis and Moore met with Kenny Grissert, an Alabama State Trooper. When Officer Grissert asked Moore "where he got the silencer," Moore responded that he had purchased it in Georgia.

Some time thereafter, law enforcement agents arrested Moore. While ATF agent Busey Ward was transporting Moore to jail, Moore asked Agent Ward why he was "being arrested Federally and charged." In response to Moore's question, the agent asked him if he remembered the device that was found inside his home during the

---

[1]*Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602 (1966).

search, referring to it as a "silencer." Moore answered "yes." After the ATF agent told Moore that "you're being charged Federally with it," Moore voluntarily stated that he bought "that thing" in Georgia from someone in the military.

Appellant asserts four grounds for reversal of his conviction:

- the district judge improperly instructed the jury concerning the *mens rea* requirement for a conviction for possession of a silencer not registered in the National Firearms Registration and Transfer Record;

- insufficient evidence that Moore knew the characteristics of the object seized which required it to be registered;

- insufficient evidence that the object seized is in fact a silencer; and

- the district judge improperly denied Moore's motion to suppress.

STANDARD OF REVIEW

Where, as here, appellant challenges a jury instruction for the first time on appeal, the instruction is reviewed for plain error. *United States v. Prather*, 205 F.3d 1265, 1270 (11th Cir.), *cert. denied* ___ U.S. ___, 121 S.Ct. 188 (2000).

Arguments challenging the sufficiency of the evidence are reviewed *de novo*. *United States v. Hunt*, 187 F.3d 1269, 1270 (11th Cir. 1999).

The district court's ruling on a motion to suppress is a mixed question of law and fact. The findings of fact are reviewed for clear error, while the district court's application of law to the facts is reviewed *de novo*. *United States v. Zapata*, 180 F.3d

1237, 1240 (11th Cir. 1999).

## JURY INSTRUCTION

"Generally, district courts 'have broad discretion in formulating jury instructions provided that the charge as a whole accurately reflects the law and the facts,' and we will not reverse a conviction on the basis of a jury charge unless 'the issues of law were presented inaccurately, or the charge improperly guided the jury in a substantial way as to violate due process.'"  *United States v. Prather*, 205 F.3d at 1270, quoting *United States v. Arias*, 984 F.2d 1139, 1143 (11th Cir. 1993).

Title 26 U.S.C. § 5861(d) makes it unlawful for any person "to receive or possess a firearm which is not registered to him in the National Firearms Registration and Transfer Record."  "[F]irearm" includes "any silencer (as defined in section 921 of title 18, United States Code)."  26 U.S.C. §5845(a)(7).  A "silencer" is "any device for silencing, muffling, or diminishing the report of a portable firearm, including any combination of parts, designed or redesigned, and intended for use in assembling or fabricating a firearm silencer or firearm muffler, and any part intended only for use in such assembly or fabrication."  18 U.S.C. § 921(a)(24).

To support a conviction under 26 U.S.C. § 5861(d), the government need not prove that the defendant knew that the "firearm" was not registered, but must prove beyond a reasonable doubt that the defendant knew of the features of the "firearm" that brought it within the scope of the National Firearms Act (Act), 26 U.S.C. §§

4

5801-5872. *United States v. Staples*, 511 U.S. 600, 619, 114 S.Ct. 1793, 1804 (1994).

Relying on *United States v. Rogers*, 94 F.3d 1519 (11th Cir. 1996), Moore contends that the district judge erred by failing to instruct the jury that in order to convict Moore the government had to prove beyond a reasonable doubt that he knew the characteristics of the object seized which brought it within the statutory definition of "silencer." In *Rogers*, tried before the Supreme Court's decision in *Staples*, the district judge instructed the jury that the government had to prove that the defendant "knowingly possessed" the firearm in question. *Id*. at 1522. On appeal, this court considered whether the district judge had erred in denying a requested instruction that the government had the burden of proving that the defendant "knew th[e] items in question were firearms" under the Act. *Id.* at 1523. The panel concluded that in refusing to include the requested instruction the district judge omitted an essential element of the crime from the jury instruction. Notwithstanding that omission, the error was harmless beyond a reasonable doubt because Rogers admitted at trial that he knew the items in question were firearms under the Act. *Id*. at 1527.

The Supreme Court granted *certiorari* to decide "[w]hether a district court's failure to instruct the jury on an element of an offense is harmless error where, at trial, the defendant admitted that element." *Rogers v. United States*, 520 U.S. 1239, 117 S.Ct. 1841- 42 (1997). The Supreme Court concluded that the question on which the

5

writ had been granted was "not fairly presented by the record" and dismissed the writ as "improvidently granted." *Rogers v. United States*, 522 U.S. 252, 253, 118 S.Ct. 673, 675 (1998). In reaching that conclusion, a plurality concluded that "a fair reading of the instructions as actually given did require the jury to find that petitioner knew that he possessed a silencer." *Id*. at 256, 118 S.Ct. at 676.

In dissent, Justice Kennedy, joined by Chief Justice Rehnquist and Justice Souter, analyzed the phrase "knowingly possessed a 'firearm' as described above," and concluded that "knowingly" modified only "possessed" and did not require proof that the defendant knew that the device which he possessed was a "firearm" as defined by the statute. *Id.* at 260, 118 S.Ct. at 678..

Relying upon the issue discussed in *Rogers,* defendant contends that the jury instruction in the instant case required only that the government prove that Moore knew that he was in possession of the instrument, not that he knew that it was a silencer. It is true that the instruction contained the ambiguous phrase "knowingly possessed a silencer." However, after explaining the statutory definition of "silencer," the judge instructed the jury that "[t]he Government must prove beyond a reasonable doubt that <u>the Defendant knew he possessed a silencer</u>." (emphasis added). This additional instruction, not given in *Rogers*, properly instructed the jury that in order to convict appellant of violating 28 U.S.C. § 5861(d) they must conclude that the government proved beyond a reasonable doubt that defendant knew the characteristics

6

of the  item seized that brought it within the scope of the Act. [2]

## SUFFICIENCY OF THE EVIDENCE

Moore contends that the government presented no evidence that he knew the characteristics of the object seized which made it fall within the statutory definition of "silencer."

The evidence is sufficient to support a conviction if, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789 (1979) (emphasis in original). All reasonable inferences and credibility choices must be made in favor of the jury verdict. *United States v. Young*, 39 F.3d 1561, 1565 (11th Cir. 1994). Construing the evidence in the light most favorable to the government, there is sufficient evidence to conclude that a rational trier of fact could have found that Moore knew the

---

[2] The portion of the jury instruction containing the ambiguous "knowingly possessed" phrase  closely resembles this circuit's pattern instruction for this offense. *See Eleventh Circuit Pattern Jury Instructions (Criminal Cases),* Section 80.1 (West 1997). We note that it might be advisable  to amend that pattern jury instruction to list the requirement that the government prove that the defendant knew of the characteristics of the firearm that brought it within the Act. The relevant pattern jury instructions for the Fifth (*Fifth Circuit Pattern Jury Instructions (Criminal Cases)*, No. 2.95 (West 1997)), Seventh (*Federal Criminal Jury Instructions of the Seventh Circuit*, 26 U.S.C. § 5861 (West 1999)), and Eighth (*Manual of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit*, Section 6.26.5861 (West 2000)) Circuits all include this requirement.  For example, the Fifth Circuit's pattern instruction states in pertinent part that the government must prove "[t]hat the defendant knew of the characteristics of the firearm [describe, e.g., that it was a shotgun having a barrel of less than 18 inches in length]." *Fifth Circuit Pattern Jury Instruction (Criminal Cases),* No. 2.95.

characteristics of the silencer which made it fall within the statutory definition of "silencer."

Although Moore never referred to the item seized from his bedroom as a "silencer," law enforcement officials, in speaking with Moore both before and after he was arrested, referred to it as such, and Moore never denied that the object was a silencer or indicated that he did not know what object the law enforcement officials were referring to. Additionally, the jury could have inferred the requisite knowledge from the condition of the object. "[K]nowledge can be inferred from circumstantial evidence, including any external indications signaling the nature of the weapon." *Staples v. United States,* 511 U.S. at 616 n.11, 114 S.Ct. at 1802 n.11.

Richard Craze, a firearms enforcement officer with ATF, testified that steel wool packing protruded from the outside cylinder of the object. He also testified that when he looked down the end of the object he saw that there were holes drilled in the central cylinder. The jury could reasonably infer that someone who possessed the object would similarly see the steel wool packing protruding from the outside cylinder and the holes drilled in the central cylinder. The jury could also reasonably infer that one who possessed an object in that condition, with those features, would know that the object was a "device for silencing, muffling, or diminishing the report of a portable firearm."

OTHER ISSUES

8

Defendant raises two additional issues: the district judge erred in denying Moore's motion to suppress, and there was insufficient evidence for the jury to conclude that the object seized was a silencer within the definition of 18 U.S.C. § 921 (a)(24). After reviewing the record and carefully considering the briefs and oral argument, we conclude that those contentions lack merit and require no further discussion. Accordingly, we AFFIRM Moore's conviction.