UNITED STATES of America,
Plaintiff–Appellee,

v.

Albert Kwok–Leung KWAN,
Defendant–Appellant.

No. 07–30331.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 26, 2008.

Filed Nov. 7, 2008.

Helen J. Brunner, Esquire, William Henry Redkey, Jr., Assistant U.S., Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Joseph Roll Conte, Law Offices Of Jr Conte, PLLC, Washington, DC, Eric R. Stahlfeld, Law Offices of Eric R. Stahlfeld, Seattle, WA, for Defendant–Appellant.

Before: T.G. NELSON, HAWKINS and BYBEE, Circuit Judges.

## MEMORANDUM *

The United States seeks reversal of the district court's grant of a new trial to defendant Albert Kwok–Leung Kwan ("Kwan"). A jury found Kwan guilty of possession of an unregistered short-barreled rifle in violation of 26 U.S.C. §§ 5861(d), 5871, because Kwan possessed an unregistered pistol that was stored inside a detachable shoulder stock and holster. The pistol indisputably would have become a "firearm" and subject to registration if the shoulder stock had been attached.

Following the verdict, Kwan moved for and the district court granted a new trial. The district court concluded the rule of lenity required the jury to receive an instruction that "would require the Government to prove defendant had no ostensible legal purpose for possessing the [pistol] and shoulder stock."

A conviction for violation of 26 U.S.C. § 5861(d) requires proof that "the defendant knew that the item he possessed had the characteristics that brought it within the statutory definition of a firearm." *Rogers v. United States*, 522 U.S. 252, 254–55, 118 S.Ct. 673, 139 L.Ed.2d 686 (1998). For Kwan to be convicted, therefore, the aggregation of the pistol and shoulder stock must have brought it within the statutory definition of a firearm. But in *United States v. Thompson/Center Arms Co.*, 504 U.S. 505, 112 S.Ct. 2102, 119 L.Ed.2d 308 (1992), a plurality concluded that the "making" of a firearm includes "an aggregation [of parts] having no ostensible utility except to convert a gun into [a firearm]." *Id.* at 512–13, 112 S.Ct. 2102. Thus an aggregation of weapons parts may not constitute a firearm if the parts have an apparent legal purpose other than the creation of such a firearm. *See Thompson/Center*, 504 U.S. at 512–13, 112 S.Ct. 2102.

Here, Kwan had another *registered* pistol to which the shoulder stock in question could have been legally attached. Although Kwan had an additional shoulder stock for the registered pistol, Kwan testified that he had purchased a second shoulder stock for the registered pistol because he had been told they break easily. He also testified that he had purchased both stocks before he purchased the unregistered weapon at issue here. We therefore conclude that the district court did not abuse its discretion in ordering a new trial to instruct the jury that the Government had to prove that Kwan had no other apparent legal purpose for the shoulder stock than to convert his unregistered pistol into an illegal short-barreled rifle.

**AFFIRMED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.