**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-30118 |
| Plaintiff - Appellee, | DC No. CR 09-5465 |
| v. | |
| KEVIN W WILLIAMS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, Senior District Judge, Presiding

Argued and Submitted April 12, 2012
Seattle, Washington

Before:     HUG, TASHIMA, and CALLAHAN, Circuit Judges.

Defendant-Appellant Kevin Williams appeals his jury convictions and

sentences for three counts of wire fraud, two counts of possession of an

unregistered firearm, and one count each of extortion, making a false statement,

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

destruction of a letter box, and possession of a firearm not identified by a serial number.[1]  We have jurisdiction pursuant to 28 U.S.C. § 1291.

In a challenge to the sufficiency of the evidence supporting a conviction, we consider whether the evidence at trial was adequate, when viewed in the light most favorable to the government, for any rational trier of fact to have found the defendant guilty beyond a reasonable doubt of the elements of the crime.  *See United States v. Nevils*, 598 F.3d 1158, 1163-64 (9th Cir. 2010) (en banc).  We review de novo whether a district court's jury instructions omitted or misstated an element of the charged offense.  *United States v. Stapleton*, 293 F.3d 1111, 1114 (9th Cir. 2002).  In the absence of an objection to the jury instructions at trial, however, we review the instructions only for plain error.  *United States v. Wilkes*, 662 F.3d 524, 544 (9th Cir. 2011).  Similarly, where the defendant fails to raise the issue of the multiplicity of convictions before the district court, we review the district court's decision for plain error.  *United States v. Zalapa*, 509 F.3d 1060, 1064 (9th Cir. 2007).

Because the parties are familiar with the facts of this case, we repeat them here only to the extent necessary to resolve the issues raised on appeal.  Our

---

[1]      In this memorandum we address only Williams' challenges to his conviction.  In an opinion filed concurrently with this memorandum, we address and resolve Williams' challenges to his sentence.

2

separate opinion, filed concurrently with this memorandum, *see* footnote 1, *supra*, sets forth a complete recitation of the factual and procedural background of this case.

**1.**     Williams argues that:  (1) the district court erred in failing to instruct the jury that reliance is a required element of wire fraud under 18 U.S.C. § 1343; and (2) there was insufficient evidence supporting his convictions for wire fraud. Because Williams failed to object to the jury instruction, we review that claim only for plain error.

It is well-established that reliance is not a required element of wire fraud. *Neder v. United States*, 527 U.S. 1, 24-25 (1999); *United States v. Oren*, 893 F.2d 1057, 1061 (9th Cir. 1990).  The district court therefore did not commit error, let alone plain error, in formulating its wire fraud jury instruction.  Moreover, a review of the record demonstrates that there was sufficient evidence for a rational trier of fact to find that each of Williams' emails constituted the crime of wire fraud.  *See United States v. Pelisamen*, 641 F.3d 399, 409 (9th Cir. 2011).  Each email represented a step in Williams' plot to defraud his victims and Williams' scheme, taken as a whole, involved a number of material false statements and promises.  *See Schmuck v. United States*, 489 U.S. 705, 710-11 (1989); *United States v. LeVeque*, 283 F.3d 1098, 1103-04 (9th Cir. 2002).

**2.** Williams contends that his conviction for extortion should be overturned because: (1) the district court erred when it failed to instruct the jury that Williams' statement needed to be objectively threatening in order for him to be found guilty of extortion under 18 U.S.C. § 875(b); and (2) there was insufficient evidence that Williams' email contained a subjective or objective threat. Because Williams failed to object to the jury instruction on extortion, we review it only for plain error.

For First Amendment purposes, a "true threat" must be subjectively threatening, or made with the specific intent to threaten. *United States v. Cassel*, 408 F.3d 622, 631 (9th Cir. 2005). Only some threat statutes require that the purported threat additionally be objectively threatening. *United States v. Bagdasarian*, 652 F.3d 1113, 1116-17 (9th Cir. 2011). This Court has never interpreted § 875 to require proof that a threat was objectively threatening. *See United States v. Sutcliffe*, 505 F.3d 944, 953 (9th Cir. 2007); *United States v. Twine*, 853 F.2d 676, 680 (9th Cir. 1988). It was therefore not plain error for the district court to omit an objective requirement in its jury instruction, because it was not "clear and obvious" that an objective threat was required for conviction under § 875. *See United States v. Kilbride*, 584 F.3d 1240, 1255 (9th Cir. 2009). Considering the tone and context of Williams' email and its readers' reactions,

4

there was also sufficient evidence for a rational trier of fact to find that the email was both subjectively and objectively threatening.

**3.** Williams also appeals his convictions for possession of an unregistered firearm and possession of a firearm without a serial number on three grounds: (1) that the district court erred in failing to instruct the jury that they were required to find that Williams knew his zip gun could fire a projectile in order to find him guilty under 26 U.S.C. § 5861(d) and (i); (2) that there was insufficient evidence that Williams knew that the zip gun could fire a projectile; and (3) that conviction on both counts based on possession of the same zip gun was multiplicitous.

Because Williams objected to the jury instructions at issue, we review them de novo. We conclude that the district court did not err in its formulation, because: (1) the instructions clearly stated that the defendant was required to knowingly possess a firearm; and (2) the government was entitled to an instruction that it was not required to prove that Williams knew that the firearm needed to be registered. *Rogers v. United States*, 522 U.S. 252, 257-58 (1998). In addition, based on Williams' own statements and the ammunition found attached to the zip gun's container, there was sufficient evidence for a rational trier of fact to find that Williams knew that his zip gun was capable of discharging a shot through the

5

energy of an explosive.  *United States v. Thompson*, 82 F.3d 849, 854 (9th Cir. 1996).

Finally, Williams' contention that his concurrent sentences for his zip gun possession offenses constituted multiple punishment, a claim raised for the first time on appeal, is without merit.  The imposition of concurrent sentences for different counts arising from a single transaction violating different provisions of § 5861 is permissible.  *United States v. Edick*, 603 F.2d 772, 776 n.5 (9th Cir. 1979); *see also United States v. Overton*, 573 F.3d 679, 693 & n.11 (9th Cir. 2009).  The district court therefore did not commit plain error in sentencing Williams to concurrent sentences for his two violations of § 5861.

**AFFIRMED.**